# DECEMBER, 1895.

## A. W. DESMUKE ET AL. v. SAM HOUSTON ET AL.

### No. 348.—Decided December 2, 1895.

**1.  Assignments of Error—Practice.**

Errors not assigned on appeal to the Court of Civil Appeals cannot be considered in an application to the Supreme Court for writ of error. (P. 17.)

**2.  Same.**

A decree in the District Court adjudged to one of the parties a parcel of land and against said party a judgment for $250. The decree further ordered that in default of payment within 20 days the land should pass, from the party to whom decreed, to the party to whom the money was adjudged. An assignment of error complained that "the court erred in rendering judgment against the defendant Branch for the sum of $250 * * * in favor of Hardin," etc. This did not call the attention of the Court of Civil Appeals to the fact that the judgment below provided for a forfeiture of a portion of the land adjudged to Branch upon his failure to pay Hardin the money within the time specified. The omission cannot be supplied in an application for writ of error, and the question of the forfeiture cannot be considered by this court. (P. 17.)

**3.  Practice in Supreme Court.**

The identity of the land claimed in pleadings of plaintiff with that recovered cannot be questioned on writ of error to this court when the issue was not made in the Court of Civil Appeals. (P. 17.)

**4.  Issue of Fact—Jurisdiction of Supreme Court.**

Parol evidence of the contents of an agreement which had been destroyed showed a contract touching the possession of a part of a larger tract of land, and it was not clear whether the possession should be limited to the inclosure or extend to the entire tract. As the language of the contract must be considered in connection with the circumstances attending its execution, the testimony made a question of fact for the District Court and the Court of Civil Appeals in the construction of the contract, over which this court has no control. (Pp. 17, 18.)

**5.  Purchaser Pending Suit.**

A purchaser of land in suit takes subject to the rights in the land granted by his vendors and asserted by intervention in the suit: see example. (Pp. 18, 19.)

ERROR to Court of Civil Appeals for First District, in an appeal from Liberty County.

This was a suit in trespass to try title, brought in the District Court of Liberty County, Texas, September 11, 1881, by Sam Houston, Jr., Temple Houston, Nettie Bringhurst and her husband, W. L. Bringhurst, Maggie H. Williams, widow; Nannie E. Morrow and her husband, J. C. S. Morrow, Mollie M. Morrow, A. J. Houston and W. R. Houston, as surviving children and only heirs at law of Sam Houston, Sr., against A. W. Desmuke, Wharton Branch and Sarah Davis, M. M. Martin and Jennie K. Carnes, as the heirs at law of James Davis, deceased, to recover certain four leagues of land situated in Liberty County, on both sides of the Trinity River, and known as the Santos Coy four-league grant in said county, describing the same in their petition by metes and bounds.

On August 28, 1882, Wharton Branch and A. W. Desmuke filed their answer in which they disclaimed all interest in the said four-league grant, save and except that part thereof in conflict with the B. M. Green survey or league, in said Liberty County, amounting to about 3,542 acres, and as to the portion so in conflict, they pleaded "General Denial," "Not Guilty," statutes of limitation of three, five and ten years, and stale demand.

Pending the suit, A. W. Desmuke died intestate, when Fannie Borrow, Delphine Ray Kendall, John C. Desmuke, Thomas Desmuke, Josephine Applewhite, Nannie Gilford, Friend Desmuke and Mary L. Desmuke became defendants in his stead as his next of kin and only heirs at law. James Davis also died pending the suit, and his heirs, Sarah Davis, M. M. Martin and James K. Carnes, who were made defendants, answered setting up a claim to a specific tract of 804 acres out of the southwest corner of the B. M. Green league, which was in conflict with the said Santos Coy four-league grant, and pleaded as to such parcel "not guilty" and the several statutes of limitation of three, five and ten years.

On April 13, 1883, Albert G. Dunn, John W. Schute, Annie E. Mills, Wm. D. Schute, Mary E. Hamilton, Ann L. Horton, W. D. Dunn, Williamson Glover, Isora Demoville, A. Y. Glover, James D. Glover and M. A. Bishop filed their petition in intervention in the suit, against the plaintiffs and the defendants, seeking a recovery of an undivided one-third interest of and in the said Santos Coy four-league grant, describing the said lands by the same metes and bounds or field notes as those set forth in the plaintiffs' petition as description thereof, and claiming such interest as the next of kin and only heirs at law of one Jno. R. Dunn, deceased. These intervenors also alleged that McKesson & Robbins, a partnership composed of John McKesson and D. C. Robbins, were claiming an interest in said lands, and prayed that they be made parties defendant. Subsequently, McKesson & Robbins appeared, and, making common cause with the heirs of A. W. Desmuke, filed their joint answer setting forth that a disclaimer had previously been filed by the said A. W. Desmuke and Wharton Branch in September, 1882, to all that part of the four leagues of land mentioned not in conflict with the

B. M. Green's league or survey, and further answering by pleas of "not guilty and the several statutes of limitations of three, five and ten years," and claiming to own, together with the said Wharton Branch, as tenants in common, that part of the said B. M. Green league of land which conflicted with the said Santos Coy four-league grant of land.

On August 26, 1893, S. R. Perryman, of counsel in the cause for the plaintiffs, filed therein his petition in intervention on behalf of himself and George W. Davis, setting up a claim to an undivided one-fourth of whatever part or portion of the said Santos Coy four-league grant might on final hearing of the cause be adjudged to belong to the said plaintiffs, except the plaintiff Temple Houston, and praying that such one-fourth part be decreed to him, the said Perryman, under and by virtue of an alleged contract, of date May 23, 1883, between the said plaintiffs, except Temple Houston, and himself, for legal services rendered and to be rendered in the prosecution of the suit in their behalf.

Pending the cause in the lower court, W. J. Montgomery, John Vanier, W. F. Hardin and Geo. W. Davis, were made parties defendant. W. J. Montgomery answered, disclaiming all interest in the subject matter of controversy. Vanier answered, setting up claim to a specific tract of 160 acres, part of the said four-league grant, and as to such tract pleaded not guilty and the ten years statute of limitation. W. F. Hardin answered, claiming that he had acquired the interests of the plaintiffs Sam Houston, Jr., and Nettie Powell Bringhurst at execution sale before this suit, and of the plaintiffs Maggie Williams and Wm. R. Houston, through Geo. H. Davis, and defended by pleas of not guilty and of the several statutes of limitation. He also claimed that he had acquired the interests of all the plaintiffs, pending the suit, by purchase at sheriff's sale for costs of court; and Geo. W. Davis defended by pleas of not guilty and the several statutes of limitation.

By amended pleadings filed in 1894, Wharton Branch alleged that on August 25, 1883, he had purchased from the plaintiffs, Nettie Bringhurst, Temple Houston, W. R. Houston, Sam Houston and M. W. Morrow, for valuable consideration, and that they had by deed duly executed conveyed to him their respective interests in the said four-league grant of land. He also, in reply to W. F. Hardin's claim to the W. R. Houston interest, which had been subsequently to the conveyance to Branch transferred by Houston to Geo. W. Davis and by Davis to Hardin, offered to pay into court the $250 which was the consideration for the deed from W. R. Houston to Branch for that interest, and which was unpaid, for the benefit of whomsoever the court should adjudge entitled to it.

The cause was tried before the court without the intervention of a jury, and the court rendered therein its judgment on decree in substance as follows, based upon its conclusions of facts and of law filed in the cause: In favor of defendant John Vanier for 160 acres out of the said Manuel de los Santos Coy four-league grant, and that he have and re-

cover of the plaintiffs, intervenors and cross-claimants his costs in that behalf expended; in favor of the defendants Sarah A. Davis, M. M. Martin and Jennie K. Carnes as the widow and next of kin and heirs at law of James Davis, deceased, for 804 acres out of the said Manuel de los Santos Coy four-league grant of land, and that they have and recover of and from the plaintiffs, intervenors and cross-claimants their costs in that behalf expended; in favor of the said intervenors claiming as the next of kin and heirs at law of John R. Dunn, deceased, for an undivided 16-48 part of the said four-league grant in the name of Manuel de los Santos Coy, less the portions thereof set apart to the said Vanier and the said Sarah A. Davis, M. M. Martin and Jennie K. Carnes, and that they have and recover their costs in this behalf expended; in favor of intervenor Sam R. Perryman for an undivided 5-48 out of the said Santos Coy four-league grant after deducting therefrom the portions decreed to the said John Vanier and the said Sarah A. Davis, M. M. Martin and Jennie K. Carnes, and that he have and recover his costs in that behalf expended of and from the defendants, Wharton Branch, John McKesson, D. C. Robbins and the heirs of A. W. Desmuke; in favor of the plaintiff, Nannie E. Morrow, for an undivided 3-48 of the aforesaid grant of four leagues, less the part decreed to the said John Vanier, the said Sarah A. Davis, M. M. Martin and Jennie K. Carnes, and that she recover her costs in that behalf expended against the defendants Wharton Branch, John McKesson, D. C. Robbins and the said heirs of A. W. Desmuke, deceased; in favor of the defendant and cross-claimant, Wharton Branch, for an undivided 13-48 of said four-league grant less the parts allotted to the said John Vanier, the said Sarah A. Davis, M. M. Martin and Jennie K. Carnes, and that he have and recover of and from all the plaintiffs, except the said Nannie E. Morrow, his costs in that behalf expended, and also in favor of said Wharton Branch for that certain part of the said four-league grant of land consisting of 250 acres and described by metes and bounds, upon condition that the said Wharton Branch pay to the said W. F. Hardin the sum of $250 with interest at 8 per cent per annum thereon from August 25, 1883, to July 12, 1891, and 6 per cent per annum thereafter, within twenty days after the adjournment of that term of the court at which said judgment or decree was rendered, failing to do which the said Branch was entitled to 10-48 instead of 13-48 as above mentioned. In favor of the defendant and cross-claimant, W. F. Hardin, for an undivided 11-48 of the said Santos Coy four-league grant, less the parts and parcels adjudged to the said John Vanier and the said heirs of James Davis, deceased; but should the defendant, Wharton Branch, fail to pay to the said W. F. Hardin within twenty days after the expiration of the term of the court at which said judgment or decree was rendered $250, then an undivided 14-48 of the said Santos Coy four-league grant was to vest in the said W. F. Hardin instead of 11-48 as above mentioned; and that he have and recover his costs in that behalf expended. (From brief of plaintiffs in error.)

From this decree of the District Court Wharton Branch, McKesson & Robbins, and the heirs of A. W. Desmuke, deceased, appealed, and the judgment being affirmed, appellants obtained a writ of error. The assignments of error are set out in the opinion of the court.

*Gresham, Jones & Wheless,* for plaintiffs in error, Wharton Branch and the heirs of A. W. Desmuke, deceased, Jno. C. Desmuke, Thomas Desmuke, Josephine Applewhite, Nannie Gifford, Friend Desmuke, Mary S. Desmuke and Delphine Ray Kendall.

*C. F. Stevens,* for plaintiffs in error, McKesson & Robbins.

The Court of Civil Appeals in its decision and judgment affirming the judgment of the District Court, erred in holding that a proper construction of the agreements between Davis and A. W. Desmuke is that Davis would continue to hold possession, for Desmuke, of the forty acre field north of the Magnolia trees, on the balance of the B. M. Green survey, and that said possession by Davis would not give said Desmuke such possession of the whole of the balance of the said B. M. Green survey after deducting therefrom that part which was in conflict with the Martinez survey, as would, under the three and ten years statutes of limitation, mature the junior title of the said B. M. Green survey into the superior title as against the Santos Coy survey. Bowles v. Brice, 66 Texas, 724; Craig v. Cartwright, 65 Texas, 414; Wallace v. Wilcox, 27 Texas, 60; Gillespie v. Jones, 26 Texas, 343; Angell on Lim., secs. 437, 1395; Tiedeman on Real Property, secs. 692, 695; Elliott v. Dycke, 78 Ala., 150; Brownson v. Scanlan, 59 Texas, 222.

The court erred in holding that S. R. Perryman, under his contract with the heirs of Gen'l Sam Houston, deceased, except Temple Houston, for his services in the prosecution of this suit, was entitled to 5-48 of the Santos Coy four-league grant, less 964 acres adjudged and decreed to John Vanier and the heirs of James Davis, deceased.

The court erred in adjudging a forfeiture to W. F. Hardin of 3-48 of the 13-48 of the land adjudged in the decree of the lower court to Wharton Branch, unless the said Branch within twenty days after the adjournment of the term of the District Court at which said decree was rendered should pay to said Hardin $250.

The court erred in holding that the land embraced within the field notes set out in the pleadings of the plaintiffs in the lower court and of the intervenors, S. R. Perryman and the heirs of John R. Dunn, deceased, as descriptive of the Santos Coy four-league grant in Liberty county, and as descriptive of the land sued for and the land embraced within the field notes set out in the county surveyor's report made and filed in the cause in obedience to an order of the trial court, which latter field notes were certified to by that officer as the correct description of the Santos Coy four-league grant, were one and the same body of land.

*Presley K. Ewing* and *Ewing & Ring,* for heirs of Jno. R. Dunn.

*S. R. Perryman,* for S. R. Perryman and heirs of General Sam. Houston.

*W. F. Hardin* and *A. R. Chapman,* for Hardin.

BROWN, Associate Justice.—On September 19, 1881, Sam Houston and others, the children of General Sam Houston, instituted a suit against A. W. Desmuke, Wharton Branch and James Davis to recover four leagues of land situated in Liberty County, granted by the government of Mexico to Manuel de los Santos Coy. A. W. Desmukes and James Davis died pending the suit and their representatives were made parties. Daniel C. Robbins and John C. McKesson, composing the firm of McKesson & Robbins, John Vanier, W. F. Hardin and W. J. Montgomery were subsequently brought in as defendants. On April 13, 1883, Albert G. Dunn and others, the heirs of John R. Dunn, deceased, intervened and claimed against all the parties one-third of the land. Sam R. Perryman intervened August 25, 1893, and claimed one-fourth of the land, by a conveyance from the heirs of Houston, except Temple Houston.

The grant under which plaintiffs claimed was the oldest of three grants, which were in conflict with each other. The league grant in the name of B. M. Greene, and also a league grant in the name of one Martinez, were in conflict with the Santos Coy grant, and also in conflict with each other.

The Martinez grant was in conflict with the Greene league to the extent of about 804 acres. James Davis, who claimed the Martinez grant, was in the actual possession of that portion in conflict with the Greene survey, and had a portion of it in cultivation. A. W. Desmuke claimed the Greene league. Desmuke and Davis made a compromise, by which Desmuke conveyed to Davis all of that portion of the Greene league which was in conflict with the Martinez survey. Davis had in actual possession, by a fence extending over onto the Greene league, not in conflict with the Martinez survey, about thirty or forty acres, and he and Desmuke entered into a written agreement with reference to the possession of the same, which will be hereafter referred to. Davis continued in possession until 1860, the agreement between him and Desmuke having been made in the year 1848.

McKesson and Robbins claimed one-half of the Greene league by conveyance from Desmuke, dated January 30, 1860, and duly recorded. Wharton Branch claimed a one-third interest in the undivided half in the Green league by conveyance from A. W. Desmuke in his life time. Vanier claimed 160 acres by limitation of ten years. McKesson & Robbins and Wharton Branch claimed limitation of ten years by reason of the possession of General Davis.

Under a judgment and execution thereon, dated February 15, 1875, in favor of A. Cunningham, the interest of Nettie Bringhurst to the four leagues was sold on September 22, 1875, by the sheriff of Liberty County

to W. J. Montgomery, by deed recorded September 27, 1875, which interest Montgomery conveyed to George W. Davis. Under a judgment rendered July 11, 1874, and execution issued thereon and levied August 27, 1874, the interest of Sam Houston, Jr., in the four leagues was sold and conveyed to W. F. Hardin. On March 19, 1888, William R. Houston, one of the heirs of General Sam Houston, conveyed all of his interest in the four leagues to George W. Davis. January 26, 1891, Davis conveyed all of his interest to W. F. Hardin.

On the 7th of August, 1883, Nettie Bringhurst, Temple Houston, W. R. Houston, A. J. Houston, Sam Houston and M. W. Morrow, all children of General Sam Houston and plaintiffs in the original suit, conveyed to Wharton Branch all their interest in the four-league survey, which was recorded August 18, 1885, and recited that the consideration of two thousand dollars was paid. W. R. Houston was to receive for his interest $250, but no lien was reserved in the deed, and he consented to its delivery to Wharton Branch, who did not pay the money therefor.

The case was tried before the district judge without a jury, who entered judgment for the several parties, the particulars of which are not necessary to be stated here, except so far as they affect the questions presented by the application for writ of error in this case. Judgment was given in favor of S. R. Perryman, intervenor, for five forty-eighths of the land, and in favor of Wharton Branch for the interest of W. R. Houston and the others of the heirs who had conveyed to him, but the court at the same time entered judgment against Wharton Branch in favor of W. F. Hardin for $250 and interest from the date of the deed made by the Houston heirs to Branch, conditioned that if the money was not paid by Branch to Hardin within twenty days from the date of the judgment, then the interest to which W. R. Houston would have been entitled as an heir should be deducted from the portion allowed to Wharton Branch and added to that which was allowed to W. F. Hardin. The judgment of the District Court was affirmed by the Court of Civil Appeals.

W. F. Hardin filed a cross assignment of error in the Court of Civil Appeals upon the judgment rendered in favor of Branch for the interest of W. R. Houston in the land, but he made no motion for a rehearing in the Court of Civil Appeals, and his cross assignment cannot be considered in this court.

The application for writ of error in this case is made by Wharton Branch and a number of persons, the heirs of A. W. Desmuke, and John McKesson and D. C. Robbins. The grounds of error assigned in the application are as follows, in substance:

1. That the Court of Civil Appeals erred in its construction of the agreement between A. W. Desmuke and General James Davis with regard to the possession of that portion of the Green survey which Davis had enclosed at the time the agreement was made.

2. In holding that Perryman, under his contract with the heirs of General Sam Houston, except Temple Houston, was entitled to five

forty-eighths of the four-league grant, less 964 acres, which was adjudged to John Vanier and the heirs of James Davis.

3. In adjudging a forfeiture to W. F. Hardin of three forty-eighths of the thirteen forty-eighths of the land adjudged in the decree of the lower court to Wharton Branch, unless the said Branch should pay the money adjudged against him within twenty days after the adjournment of the term of the District Court.

4. In holding that the land embraced within the field notes set out in the pleadings of the plaintiffs and of the intervenors, Perryman and the heirs of Dunn, and the land embraced in the field notes set out in the county surveyor's report, made and filed in the cause in obedience to an order of the trial court, are one and the same body of land.

The third and fourth grounds assigned as error were not presented by assignments of error in the briefs of the parties to the Court of Civil Appeals, and we cannot, therefore, consider them here. The thirteenth assignment of error of the appellants, the heirs of Desmuke, and Wharton Branch, as presented in their brief to the Court of Civil Appeals, is in this language: "The court erred in rendering judgment against the defendant, Wharton Branch, for the sum of $250, besides the interest, in favor of William F. Hardin," etc. This assignment does not present the ground of objection urged in the application for writ of error; it did not call to the attention of the Court of Civil Appeals the fact that the judgment below provided for a forfeiture of a portion of the land adjudged to Wharton Branch upon his failure to pay the money within the time specified, and the Court of Civil Appeals did not so understand the assignment, but treated it as an assignment raising alone the question of the correctness of the judgment in favor of W. F. Hardin for the money which should have been paid by Branch to W. R. Houston. We, therefore, cannot consider the error of the trial court in putting that condition of forfeiture in the judgment, for the reason, as before stated, that the question was not presented to the Court of Civil Appeals. The application for the writ of error was granted upon this assignment of error, but we did not notice at the time that it had not been properly presented to the Court of Civil Appeals.

There is no assignment of error contained in the briefs of either of the plaintiffs in error which raises the question of the identity of the land described in the petition with that described in the judgment; therefore, that error, if any, cannot be considered.

This brings us to the consideration of the first and second grounds of error in the application in this case. The written agreement entered into between A. W. Desmuke and General James Davis was destroyed by fire, and its contents proved by the testimony of Wharton Branch, whose testimony is set out by the Court of Civil Appeals, as follows: "Among the papers of a suit which General Sam Houston had brought against General James Davis I found a deed and a contract between General James Davis and Andrew Desmuke. I left the papers there and did not take them out. On the 11th day of December, 1874, the

court house of Liberty County and all of the records were destroyed by fire. The deed and the contract were both dated December 4, 1848. The contract between said Davis and Desmuke provided that Davis was to convey to said Desmuke a land certificate equal in quantity to the amount of the conflict between Benjamin M. Greene and the J. D. Martinez surveys, when the same should be ascertained; and the said Davis' possession of the balance of the Benjamin M. Greene league should be held for Desmuke, and he should act as his attorney. The suit in which the said contract was filed had been brought against Davis for the B. M. Greene league, but had been dismissed." The Court of Civil Appeals, upon this evidence, held that the possession contemplated by the agreement was that which Davis had before the agreement was made between him and Desmuke of that portion of the Greene survey which was not in conflict with the Martinez league, and did not extend to the entire league. In other words, that Davis held only to the limits of his enclosure upon the Greene league. The meaning of this agreement is not entirely free from doubt, and the language used must be considered in connection with the facts and circumstances attending the making of it. This makes a question of fact for the decision of the District Court and the Court of Civil Appeals, in the construction of that agreement as proved, and the finding of those courts upon such questions is conclusive upon this court. We cannot say as a matter of law from the language used in the agreement that it was the intention of Desmuke and Davis that the latter was to have possession and control of the entire Greene league as a tenant of Desmuke.

The District Court found as a conclusion of fact that seven out of eight of the heirs of General Houston by deed conveyed one-fourth of their interest in the four-league grant to S. R. Perryman. Before the institution of the suit the interests of Sam Houston, Jr., and Mrs. Bringhurst, two of the heirs who had contracted with Perryman, were sold under execution and became the property of the defendant Hardin, therefore no recovery could be had in their right in this suit, and Perryman could receive nothing therefor. Temple Houston had conveyed his interest to Wharton Branch and had never signed the contract with Perryman, but was excepted therefrom, and Perryman could get nothing on account of the recovery in his right. Of the five remaining heirs, four conveyed their interests in the land, during the pendency of the suit and after the contract with Perryman, to Wharton Branch. The recovery of the land was had in the name of one of the heirs, Mrs. Morrow, and in the right of the other four which was adjudged to Wharton Branch. It will be seen by this statement that Perryman recovered the interests of five heirs in the land, although the judgment for four interests was in favor of their vendee, Branch. It is contended that Perryman should have had only a one-fourth interest in what was recovered for Mrs. Morrow, but this is not correct; Branch took the conveyance from the other four plaintiffs subject to the rights of Perryman, and taking the benefits of the recovery he must receive such benefits encum-

bered by the obligation resting upon his vendors. Perryman was entitled to his one-fourth part of all of the land recovered in the right of the heirs who contracted with him.

We therefore find no error in the judgment of the court upon the questions presented for our consideration in this case, and the judgments of the District Court and Court of Civil Appeals are affirmed.

*Affirmed.*

Motion for rehearing and argument were filed by Wharton Branch for himself. The motion was overruled.