This suit was instituted in the district court of Harris county, Tex., by appellee, against appellant, on the 10th day of June, 1922, in the form of trespass to try title to recover a tract of 2 acres of land described by metes and bounds, situated west of and adjoining block 105 in the town of Harrisburg.
Appellant answered by a plea of not guilty, and disclaimed as to all of the land except a tract of .71 of an acre, specifically described. Appellant also pleaded the 3, 5, and 10 year statutes of limitation as to the .71 of an acre, and further pleaded in reconvention for the recovery of the .71 of an acre, alleging that plaintiff's claim of same was a cloud upon her title, and prayed for its removal.
The case was tried before the court, and judgment rendered for appellee for the whole of the 2 acres, as described in his petition, including the .71 of an acre claimed by appellant. From this judgment appellant brings this appeal.
The record discloses the following:
(1) The land in controversy is a 2-acre tract west of and adjoining block 105 in the town of Harrisburg, Harris county, Tex.
(2) J. B. Gilbert, husband of appellant, bought block 105, with the improvements thereon, and moved on same with his family in 1893. Shortly after moving on block 105 Gilbert built fences inclosing most of his property, and also inclosing a portion of the 2 acres. Gilbert had a garden and chicken brooder house on the part of the 2-acre tract inclosed, which he used up to his death, and his wife, appellant, continued to use same after his death.
(3) The 2 acres, at the time Gilbert bought and moved upon block 105, were the property of Alex. Erichson.
(4) Alex. Erichson and Gilbert were acquaintances and friends, and on September 6, 1897, Erichson called Gilbert's attention to the fact that he, Gilbert, had fenced up a part of his, Erichson's, 2 acres, which Gilbert, readily admitted, and proposed to buy 1 of the acres, but Erichson would not sell it, and Gilbert then gave Erichson an acknowledgment of tenancy as to the land fenced by him.
(5) Adelbert Gum, appellee, is one of the heirs of Alex. Erichson, and received the 2-acre tract of land in a partition of the estate of Alex. Erichson.
(6) Mrs. J. B. Gilbert is the widow of J. B. Gilbert, who died November 10, 1910.
(7) Mrs. Gilbert testified that she knew nothing about her husband giving Erichson the acknowledgment of tenancy, and that she had always thought the land inclosed by her husband was their property, and that she had always claimed it as such; that she never heard of the acknowledgment of tenancy until the trial of the case.
(8) After trial and judgment Mrs. Gilbert had a survey made of the premises (block 105 and the 2 acres), which, according to the plat made by the surveyor, shows that her dwelling house is on the west line of block *Page 726 
105, a portion of same being over on the 2-acre tract.
It is agreed that appellee has title to the property in controversy, unless defeated by the statutes of limitation as pleaded by appellant.
Appellant's first proposition is:
"Where the husband of a woman, in 1897, signs an agreement with the owner of land, and a specified part of the same used by him as a garden was the property of the owner, thereby acknowledging that he was a tenant of the said owner as to the land embraced in the garden, and where the said husband, at the time of executing said instrument, was not only in possession of said garden but the entire part of said land adjoining the same, upon which his residence was located, and where the said husband died in 1910, and his wife remained in possession of said land, occupied by said house, for a period of more than 10 years after his death, and before the institution of this suit by the holder of the record title, during all of which period of 10 years she adversely claimed the land so possessed by her in hostility to the claim of said owner, the said wife thus acquired a possessory title under the statute of 10-year limitations, irrespective of the fact that her said husband, prior to his death, had attorned to the owner as to the part of said land embraced within the said garden."
Appellant's contention cannot be sustained. By reason of the acknowledgment of tenancy in evidence Gilbert became the tenant at will of Erichson for whatever land he had in his inclosure west of block 105, and, this relationship having thus been established between Gilbert and Erichson, it attached to Mrs. Gilbert after the death of her husband, she remaining in possession of the land to which he had given the acknowledgment of tenancy. Gilbert was the head of the family, and held and controlled the possession of the land, and the character of the possession, whether adverse or not, depended on his action. That being true, Erichson, the owner of the land, had the right to deal with him as the party in possession. Mrs. Gilbert did not have any possession distinct from that of her husband. It is well settled that, when the relation of landlord and tenant is once established, it attaches to all who may succeed the tenant, immediately or remotely, and, as Mrs. Gilbert succeeded to the possession of her husband, it should be held that her holding was not adverse to Erichson, the true owner of the land, unless and until there was an express disclaimer by her of the tenancy, or an express hostile occupancy brought home to the owner of the land. Oury v. Saunders, 77 Tex. 278, 13 S.W. 1030; T. N. O. Ry. Co. v. Speights,94 Tex. 350, 60 S.W. 659; Burrell v. Adams, 104 Tex. 183, 135 S.W. 1156; Casey v. Hanrick, 69 Tex. 44, 6 S.W. 405. There was never any notice to the owner by Mrs. Gilbert that she repudiated his title and was claiming for herself. Hence the attitude of tenant which attached to her during the lifetime of her husband still attached after his death and up to the filing of this suit. Dietzman v. Sayles (Tex.Civ.App.) 245 S.W. 773; Benskin v. Banksdale (Tex.Com.App.) 246 S.W. 360.
Appellant's second proposition is:
"Where a party is in possession of a tract of land belonging to another, and such party acknowledges tenancy to the true owner only as to a specified part of the land so occupied by him, embraced in what was known as a garden, and since the garden only covered a part of the land so occupied, such acknowledgment of tenancy covering the said garden did not have the effect to make such occupant the tenant of the owner as to the parts of the land not included within the garden, for the reason that the acknowledgment of tenancy on the part of said occupant circumscribed the holding of the true owner. Hence such occupant should be held to be in adverse possession of all of the land inclosed by him outside of the garden."
The proper disposition of this contention of appellant depends upon the correct interpretation of the acknowledgment of tenancy given by Gilbert to Erichson. It reads:
"Chas. Herman, Dealer in Wines, Liquors Cigars, 902 Preston Ave. Corner Travis St.
Houston, Tex., Sept. 6, 1897.
"This is to certify that I do by these presents disclaim any interest in, or to, that portion of land situated west of block No. 105 in the town of Harrisburg, Harris county, the same being the property of Alexander Erichson, and being used by me as a garden — and I further agree to turn over said property to him at any time he wants it. [Signed] J. B. Gilbert.
"Witness —
D. P. Shepperd
W. A. Polk.
In appellant's answer she disclaimed ownership of the land, except as to the .71 of an acre, that being the portion inclosed by her fence. The garden space did not cover all of the inclosed portion of the two acres; did not cover all of the .71 of an acre. Hence appellant's contention is that the acknowledgment of tenancy was only as to the space covered by the garden, and, as the garden did not cover all of the fenced portion (the .71 of an acre), she was entitled to judgment by limitation to that portion of the .71 of an acre not covered by the garden.
We cannot agree to this contention. In our opinion, the acknowledgment of tenancy is not subject to such interpretation. To give effect to the instrument we must ascertain the intention of the parties, and in doing so the language used in the instrument must be considered in connection with the facts and circumstances attending its execution. Gilbert owned block 105 in the town of Harrisburg. Erichson owned the 2-acre tract west of and adjoining block 105. In building his fences Gilbert inclosed some .71 of an acre of Erichson's 2 acres, on which he, Gilbert, had a garden, which he was cultivating. *Page 727 
Fred Erichson, a son of Alex. Erichson, testified:
"My name is Fred Erichson; I am a son of Alexander Erichson. I am familiar with the 2 acres of land involved in this suit. I knew J. B. Gilbert. The document which is now shown to me is in Mr. J. B. Gilbert's handwriting, and that is his signature to that document. I know Mr. Gilbert's handwriting and his signature. Mr. Gilbert gave my father that paper uptown in a saloon one evening, and had Mr. Shepperd and Mr. Will Polk, county surveyor, to sign it. At that time Mr. Gilbert was deputy under Albert Erichson. The way Mr. Gilbert came to give that paper to my father was this: My father says: `Gilbert, you have got 1 of my acres under fence down at Harrisburg.' And Mr. Gilbert says, `Yes, Alex., I know I have, and I will give you a release for it.' And they went in and drew up this release in the presence of those gentlemen. Then he came to my father later on and tried to get another acre; he said he wanted to get those oak trees in the rear, and my father said, `No, I won't do that. You have got 1 acre now, and I might want to sell that, and I might have to put both acres in, and I won't sell it.' My father gave that paper to me to take home, and I took it home and gave it to my mother, and she kept it in my father's old tin box, and I have had it ever since, and later on I put it in my own safe. I know Mr. Polk, and I know his handwriting. I was present there when that paper was signed. Mr. Adelbert Gum is one of the heirs of Alexander Erichson."
It thus appears that Erichson was talking to Gilbert about the land of Erichson's that Gilbert had fenced, all of it, not just that part constituting the garden; that Gilbert admitted that the land was Erichson's, and that he, Gilbert, had fenced it, and offered to buy it; that Erichson refused to sell, and then Gilbert executed the acknowledgment of tenancy in evidence. It clearly was the intent of the parties to include all the land of Erichson's "west of block 105," and that the expression "being used by me as a garden" was not intended to limit the acknowledgment of tenancy just to that portion of the Erichson land covered by the garden, but to designate the land of Erichson inclosed by Gilbert. It surely was not in the mind of Gilbert to admit to Erichson that he, Gilbert, had fenced a portion of Erichson's land, but that he was refusing to acknowledge tenancy to Erichson for any of it except the garden, and it is not thought that Erichson, after calling Gilbert's attention to the fact that he, Gilbert, had inclosed some of his, Erichson's, land, and then, in order to protect himself against an adverse claim to same by Gilbert, would or did accept an acknowledgment of tenancy from Gilbert to only a fraction of the part inclosed. Such conclusion is not in consonance with reason and does not comport with the actual facts and attendant circumstances. We think it clear that Gilbert did not intend to claim any of Erichson's land "west of block 105," and that he executed the acknowledgment of tenancy intending it to cover all of Erichson's land "west of block 105" that he had inclosed, and that when Erichson accepted the acknowledgment of tenancy he understood that it covered all of his 2-acre tract "west of block 105" which was inclosed by Gilbert. The meaning of the instrument, we think, is free from ambiguity, but, if not, then it was a question of fact for the court to determine, and he so decided, and we think his decision was correct. Desmuke v. Houston, 89 Tex. 18, 32 S.W. 1025.
By her third proposition appellant complains that the court erred in overruling her motion for a new trial. We have carefully considered the matters presented as grounds for a new trial, and we do not think the court erred in overruling the motion.
The judgment should be affirmed, and it is so ordered.
Affirmed.