WISE v. FERGUSON et al.

(Court of Civil Appeals of Texas. Ft. Worth. April 22, 1911. Rehearing Denied May 20, 1911.)

1. SET-OFF AND COUNTERCLAIM (§ 16*)—ACTION ON "LIQUIDATED" DEMAND.

Plaintiff's demand in an action on notes is liquidated, within Rev. St. 1895, art. 754, providing that, if the suit be founded on a certain

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

demand, defendant may not set off unliquidated damages.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 19; Dec. Dig. § 16.*

For other definitions, see Words and Phrases, vol. 5, pp. 4174, 4175.]

2. SET-OFF AND COUNTERCLAIM (§ 35*)—"UN-LIQUIDATED" CLAIM.

Though by express provision of Rev. St. 1895, art. 3089, a demand on a fire policy, in case of total loss of the property insured, is a liquidated demand, a claim for breach of a contract to renew or procure insurance is an unliquidated demand within article 754, providing that unliquidated damages cannot be set off in an action on a certain demand.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 58–64; Dec. Dig. § 35.*

For other definitions, see Words and Phrases, vol. 8, p. 7194.]

3. SET-OFF AND COUNTERCLAIM (§ 28*)—CLAIM CONNECTED WITH CAUSE OF ACTION.

Where plaintiff sues on notes reserving a vendor's lien, defendant's claim for breach of a contract subsequent to the notes to renew or procure insurance on the property on which the vendor's lien was reserved is not within Rev. St. 1895, art. 755, permitting set-off of a claim founded on a cause of action arising out of or incident to, or connected with, plaintiff's cause of action.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 47, 48; Dec. Dig. § 28.*]

4. SET-OFF AND COUNTERCLAIM (§ 41*)—MUTUAL DEMANDS.

Demands cannot be set off unless they are mutual and between parties to the action.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 76–79; Dec. Dig. § 41.*]

5. SET-OFF AND COUNTERCLAIM (§ 46*)—CLAIMS BETWEEN DIFFERENT PERSONS.

A parol agreement of an insurance agent, having authority to renew insurance, to renew a policy, is the agreement of the insurance company, so that a claim for breach thereof cannot be set off in an action by the agent on his individual claim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 100–106; Dec. Dig. § 46.*]

6. SET-OFF AND COUNTERCLAIM (§ 44*)—CLAIMS IN DIFFERENT RIGHTS.

A claim against a firm cannot be set off in an action by one of the partners on his individual claim.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 82–99; Dec. Dig. § 44.*]

7. APPEAL AND ERROR (§ 1175*)—REVERSAL AND REMAND.

Instead of rendering judgment for plaintiff on judgment for defendant on his counterclaim being reversed, because of the counterclaim not being available in the action, the cause will be remanded, where plaintiff suing on notes, reserving a vendor's lien, also alleged, in the petition, the issuance and levy of attachment on property described, and the transcript indicates that there was such a levy and that such a lien may have been acquired, but proof thereof does not appear in the statement of facts, so that the appellate court cannot foreclose the attachment lien.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

8. ATTACHMENT (§ 235*)—DEFENSE—OWNERSHIP BY THIRD PERSON.

That others than defendants are the owners of property attached is not available as a defense against foreclosure of the attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. § 800; Dec. Dig. § 235.*]

Appeal from District Court, Taylor County; Thos. L. Blanton, Judge.

Action by Louis C. Wise against J. C. Ferguson and others. From an adverse judgment, plaintiff appeals. Reversed and remanded.

E. M. Overshiner, for appellant. Dallas Scarborough and H. N. Hickman, for appellees Finley.

CONNER, C. J. This suit was instituted by Louis C. Wise against J. C. Ferguson, E. C. Fleming, T. M. Finley, and others. The plaintiff alleged, and it was shown without dispute, that on February 1, 1908, J. C. Ferguson executed and delivered to John C. Wise six promissory notes each for the sum of $216.66⅔, due, respectively, on the 1st day of February, 1909 to 1914, inclusive, each note providing for interest thereon from date until paid at the rate of 10 per cent. per annum payable annually as it accrued, and containing the further stipulation that a failure to pay each or any of said notes at their maturity or any installment of interest when due should at the option of the holder mature them all; that said notes were given as part of the purchase money for lot 10 and the south one-half of lot 9, of subdivision out of lot 4, block 185, in the city of Abilene, Tex., which was on the date of the notes conveyed by John C. Wise to said J. C. Ferguson, the vendor's lien being retained in said conveyance to secure the payment of the notes; that later, viz., on January 21, 1908, J. C. Ferguson, joined by his wife, E. C. Ferguson, conveyed the above-described real property to E. C. Fleming, Fleming as part of the consideration expressly assuming to pay the above-described notes and acknowledging the vendor's lien to secure their payment; that yet later, viz., on November 24, 1908, E. C. Fleming, joined by his wife, May Fleming, conveyed the said real property to T. M. Finley, who also as part of the consideration assumed the payment of the amount due upon the above-described notes, acknowledging and agreeing to the vendor's lien for their payment; that afterwards, to wit, on the 7th day of February, 1910, all of the above notes by formal transfer had been conveyed by the said John C. Wise to Louis C. Wise, who sued to recover from Ferguson upon the notes and upon the assumptions above stated, with prayer for foreclosure of the vendor's lien on the property. Plaintiff further alleged and sought to foreclose an attachment lien secured by the levy of a writ of attachment sued out at his instance upon the S. ½ of the S. W. ¼ of sec-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tion 44, lunatic asylum land, containing 80 acres of land, and the S. E. ¼ of the S. E. ¼ of section 43, lunatic asylum land, in Taylor county, containing 40 acres, more or less, also lots 25 and 26, subdivision of lot 3, block 189, in the city of Abilene. The defendant E. C. Fleming made default. The defendant J. C. Ferguson filed his answer, admitting his liability on the notes, and asking for judgment over against his codefendants Fleming and Finley. The defendant T. M. Finley and Mrs. Fannie Finley, who had been made a party upon the allegation that she was asserting some right or claim to the land, answered, admitting the assumption and liability on the notes sued on, but alleged that, while the property upon which the plaintiff sought to foreclose liens stood in the name of T. M. Finley, the equitable title thereto was in certain minor children of Mrs. Fannie Finley. Mrs. Fannie Finley further pleaded by way of cross-action that at the time of the purchase of the lots in controversy for the said minors from E. C. Fleming the improvements on said lots were insured in a solvent insurance company for the sum of $1,500; that the policy of insurance was written by J. C. Wise, the payee in the notes sued on by the plaintiff; that the "said J. C. Wise was the duly and legally acting and authorized agent of said insurance company in Abilene, Tex., and had the legal authority to issue policies of insurance on residence property, and in fact did issue said policy to said Fleming, said policy was issued to said Fleming payable to J. C. Wise as his interest might appear and said policy expired on or about the 19th day of January, 1909; that J. C. Wise agreed with this defendant and with the defendant E. C. Fleming to keep said improvements insured in said company for the said sum of $1,500 and to issue a new policy thereon to this defendant payable to J. C. Wise as his interest might appear." It was further alleged that this agreement to renew the policy had been relied upon; that the plaintiff L. C. Wise and John C. Wise at the time of making the contract for renewed insurance were partners in the business as insurance agents, and that said contract made by said J. C. Wise with this defendant was a contract of said partnership; that the plaintiff L. C. Wise had bought the notes from John C. Wise with full knowledge of all the facts; that about the 10th of February, 1909, her home and all furniture situated upon said property had been destroyed by fire and became a total loss to her by reason of the breach of the above-stated agreement to reinsure the property on the expiration of the policy to Fleming, and she sought to recover the difference, $300, between the amount sued for and the value of the property so destroyed. The plaintiff's demurrers to the special answer of T. M. and Fannie Finley were overruled, and the case was tried before a jury, special issues being submitted by the court relating to the alleged contract of insurance and the ownership of

the minors in the property levied on under the writ of attachment, which issues were found in favor of the defendants, and the court rendered judgment against the plaintiff in favor of all the defendants and in favor of defendant Mrs. Fannie Finley on her cross-action over against the plaintiff for the sum of $300, dissolving the writ of attachment, and from this judgment the plaintiff has prosecuted this appeal.

[1] It seems quite clear to us that the plaintiff's exceptions to the cross-plea of T. M. Finley and Mrs. Fannie Finley should have been sustained. Rev. St. 1895, art. 754, reads: "If the plaintiff's cause of action be a claim for unliquidated or uncertain damages, founded on a tort or breach of covenant, the defendant shall not be permitted to set off any debt due him by the plaintiff; and if the suit be founded on a certain demand, the defendant shall not be permitted to set off unliquidated or uncertain damages founded on a tort or breach of covenant on the part of the plaintiff." That the plaintiff's demand in the present suit is liquidated is not to be denied. Jones v. Hunt, 74 Tex. 657, 12 S. W. 832.

[2] It is equally clear, we think, that the claim set up in the cross-plea is one for unliquidated damages. The appellee's contention that it is liquidated because the loss under the policy of insurance is liquidated is not maintainable, for this rule of law in this state is because of our statute (Revised Statutes, art. 3089) so declaring, and not because of the inherent nature of the claim which is based on an alleged breach of a contract, not of insurance, but to renew or procure new insurance. Presnall v. McLeary, 50 S. W. 1066; Taylor v. Bewley, 93 Tex. 524, 56 S. W. 746; Riddle v. McKinney, 67 Tex. 29, 2 S. W. 748.

[3] Appellees further contend that, if said claim be not liquidated, it is one coming within article 755 of the Revised Statutes, which provides that nothing in article 754 "shall be so construed as to prohibit the defendant from pleading in set-off any counterclaim founded on a cause of action arising out or incident to, or connected with the plaintiff's cause of action." The notes sued upon were executed and arose out of a transaction occurring between other parties and long before the alleged breach to reinsure, and the damage caused by such breach, if any, neither arose out of nor was incident to the plaintiff's cause of action, nor connected therewith, save that the vendor's lien asserted by the plaintiff rested upon the real property and improvements to protect which the contract to reinsure had been made. This cannot constitute such connection with the plaintiff's cause of action as to bring appellee within the article of the statute last quoted. Fandren v. Leake, 1 U. C. 151.

[4] Moreover, for several reasons, the cross-claim is precluded by the general rule that demands cannot be set off unless they are mutual and between parties to the action.

See Casey v. Hanrick, 69 Tex. 44, 6 S. W. 405.

[5] In the well-considered case of James McCabe v. Ætna Ins. Co., 9 N. D. 19, 81 N. W. 426, 47 L. R. A. 641, it is held that a parol agreement to renew a policy of insurance entered into by an agent having authority to renew policies as here alleged is the agreement of the insurance company, and not of the agent. To the same effect is the case of Ramspeck v. Pattillo, 104 Ga. 772, 30 S. E. 962, 42 L. R. A. 197, 69 Am. St. Rep. 197, which distinctly repudiates a contention herein made that the agent so agreeing can be permitted to assume the attitude of a representative of the insured instead of the company.

[6] But, if the contract declared upon by Mrs. Finley could be held to be the contract of the insurance agent and not of the insurance company, appellee's right nevertheless fails, for, as alleged, the contract of extension was made with the firm of L. C. Wise & Co., and not with the plaintiff L. C. Wise. Neither the insurance company nor L. C. Wise & Co. have been made parties, and it therefore, as before stated, seems quite clear that on the whole appellee's claim for damages set up in her cross-plea was improperly entertained, and the court should have sustained appellant's exception thereto.

[7] The foregoing conclusion would ordinarily require a reversal of the judgment and its rendition in appellant's favor here, but in his petition, in addition to the vendor's lien set up therein, he alleged the issuance and levy of the attachment upon property in the petition described. But proof of these allegations does not appear in the statement of facts, and we therefore cannot foreclose the attachment lien. Inasmuch, however, as the transcript indicates that there was such a levy and that such lien may have been in fact acquired, we conclude that the proper procedure will be to reverse the judgment and remand the cause.

[8] In this connection, however, we should perhaps add that the rights of Mrs. Finley's minor children, if any, are not involved in this action. In other words, the fact that said minors may be the owners of the land upon which the writ of attachment was levied, if at all, is not available as a defense by appellees T. M. and Fannie Finley. Said minors are not parties to this suit, and it will be time enough to determine their rights, if any, when the court's power to do so is properly invoked.

Reversed and remanded.