FAHEY v. KAIES.   (No. 7003.) * ·

(Court of Civil Appeals of Texas.   Galveston.
Nov. 11, 1915.   Rehearing Denied
Dec. 9, 1915.)

1. LANDLORD AND TENANT ☞66 — LESSEE HOLDING OVER — ADVERSE POSSESSION — NOTICE.

Where the lessee, without repudiating the tenancy and giving notice thereof, held the land for 10 years after the expiration of the lease, in peaceable and continuous possession under a claim of ownership, she did not acquire title,

since such possession could not become adverse without such repudiation and notice.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 199–209; Dec. Dig. ⊙=66.]

2. VENDOR AND PURCHASER ⊙=35 — SALE OF LAND—TITLE—MISREPRESENTATION—RESCISSION.

Where the vendor of land honestly represented to plaintiff purchaser, who could not read or write, that he had and could convey a good title, the vendor honestly believing such representation to be true, but where there was in fact a clear record title in a third person and plaintiff was induced to purchase the land on the faith of such representation, he was entitled to a rescission of the sale, since such assertion by the vendor was a representation that the facts which would constitute a good title existed, and was not a mere conclusion.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 45–51; Dec. Dig. ⊙=35.]

3. VENDOR AND PURCHASER ⊙=37 — FALSE REPRESENTATION—RIGHT TO RELY.

Where plaintiff was induced by such false representation to purchase the land, he was under no duty to investigate the truth or falsity of such representation, but had the right to rely thereon.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 54–60; Dec. Dig. ⊙=37.]

4. VENDOR AND PURCHASER ⊙=127—CONVEYANCE—SETTING ASIDE FOR FRAUD—VALUE OF IMPROVEMENTS—RECOVERY.

Where the vendor at the time of such purchase of land knew that plaintiff intended to improve the land, plaintiff was entitled, in a judgment for rescission of the sale, to recover the value of improvements made by him.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 231; Dec. Dig. ⊙=127.]

Appeal from District Court, Galveston County; Robt. G. Street, Judge.

Action by Charles Kaies against David Fahey to set aside a sale of real estate. Judgment for plaintiff, and defendant appeals. Affirmed.

Geo. G. Clough and John W. Campbell, of Galveston, for appellant. Frank S. Anderson and Aubrey Fuller, both of Galveston, for appellee.

McMEANS, J. The appellee, Charles Kaies, brought this suit against the appellant for the cancellation of the sale of lot 215 in section 2 of the Trimble and Lindsey survey of Galveston Island. He alleged that the appellant represented to him at the time of the sale that he, the appellant, had a good and perfect title to the lot, and that he would convey such title to the plaintiff by his deed; that he, the appellee, could neither read nor write, and that he relied exclusively on said representations so made to him, and neither made, nor caused to be made, any examination of the title, and that he stated to the appellant at the time that he intended to use the property as a home for himself and family, all of which was known to defend-

ant; that relying upon said representations he paid the defendant the purchase money, $300, at the date of his deed, August 31, 1908, and built on the premises a home for himself and his family, together with a barn, fences, etc. He further alleged that he never discovered that the appellant's title was bad until about the time of the filing of this suit in March, 1914. He further alleged that the appellant was a large property owner, dealing largely in real estate, with a reputation of a capable and upright business man, and that appellee had a right to rely on his representations and did so rely, as the appellant well knew. He further alleged that the appellant promised to make him a general warranty deed, but in fact made to him only a deed with special warranty against those claiming by, through, or under him, a fact which plaintiff alleged he did not discover until about the time of filing this suit. He prayed for judgment for the amount of purchase money paid, with interest, and for the value of the improvements placed by him upon the land. The appellant, in his answer, claimed that he had title to the land under the 10-year statute of limitations at the time he executed the deed to the appellee, and that the appellee now has a good title. When the appellee had concluded the introduction of his evidence, the appellant filed a motion, requesting the court to instruct the jury to return a verdict for him, but this motion was overruled. Thereafter, when the introduction of all the evidence had been concluded, the court instructed the jury to return a verdict for the appellee, which was done, and thereupon the court entered judgment in appellee's favor for the amount paid by him for the purchase money of the land and the value of the improvements placed thereon by him, aggregating $1,086, and annulling and vacating the deed executed by appellant to appellee, and decreeing that the judgment should have the force and effect of a conveyance by appellee to appellant of the land in question. Thereafter appellee entered a remittitur of $150. From this judgment the appellant, after his motion for a new trial had been overruled, has appealed.

Appellant relies for a reversal upon two assignments of error: (1) That the court erred in not granting his motion to instruct a verdict in his favor; and (2) in instructing a verdict in favor of the appellee.

In the charge, the court, after stating the issues made by the pleadings of the parties, as substantially hereinbefore given, charged as follows:

"You are instructed that the following facts appear by the evidence with respect to which the minds of reasonable men cannot differ: First, that the plaintiff is unable to read or write, and that he relied in the purchase of the property upon the representations made to him by the defendant as to the title and to the effect of the deed; second, that defendant did assure plaintiff at the time of the sale that his

title was good and perfect, and that the deed made to him would convey good and perfect title; third, that, relying on defendant's representations, plaintiff paid the purchase money and improved the property as a home; fourth, that plaintiff had no title at the time of the sale, but there was a clear record title in a third party. The court determines as a matter of law that there is no issue on the statute of limitations to be submitted to you. You will therefore find a verdict for the plaintiff, and assess his damages at the amount of purchase money paid, with interest thereon at the rate of 6 per cent. per annum from the date of the sale to the present time, together with the present value of his improvements; no deduction being allowed for use and occupation."

We find from the evidence in the record that every finding of fact contained in the charge was proved by the undisputed evidence. A brief review of the facts proved will make this apparent. The appellee testified without dispute, in substance, that during the negotiations leading up to the sale the appellant represented to him that he, the appellant, had a good and perfect title to the land, and he, the appellee, relied upon such representations as to the title and appellant's assurance that his deed would convey to appellee a good and perfect title; that, so relying upon said representations, appellee paid the purchase money and improved the property as a home. The evidence further shows without dispute that the appellant had no title at the time of the sale, but that there was a clear record title in a third party. This is shown by the following facts: The land in question was patented by the state of Texas to Temple O. Harris, March 18, 1857. The title passed by the will of Temple O. Harris to his nephew, Albert W. Harris. Afterwards, on May 11, 1888, the title passed from Albert W. Harris to Alice Wallace by his general warranty deed of that date. On November 14, 1910, Alice Wallace conveyed the land by deed of general warranty to L. F. Heckman. All of these deeds were duly recorded. It was shown that a search of the record of deeds of Galveston county failed to disclose any deed from Temple O. Harris, or his successors in title, to the appellant or those under whom he claimed. The appellant testified that during the negotiations he represented to appellee that he had a good and perfect title to the land, and could convey such title to appellee by his deed, and that at the time of the sale appellee told him that he intended to build a house on the land.

[1] The evidence was wholly insufficient to raise the issue of title in appellant by virtue of adverse possession, and this a brief summary of the evidence will make apparent. August 21, 1888, Temple O. Harris, by his agent, H. M. Trueheart & Co., executed a written lease of the land to William B. Hance, which was duly placed of record. This lease provided among other things, that the lessee, Hance—

"will deliver said premises to said lessor, or agent, on the first day of August, 1889, or whensoever thereafter the same shall be demanded."

Hance took possession of, and with his wife and children resided upon, the land by virtue of this lease, and remained in possession until he died, the date of his death being anterior to the storm of 1900. His wife, Emma Hance, died upon the land in the 1900 storm. Thereafter administration was had upon her estate, and on August 21, 1902, her administrators filed in the probate court an application for the sale of the land, reciting that, so far as the administrators knew, Mrs. Hance, nor those under whom she claimed, ever acquired title to the land, but that, on the contrary, her claim to said lot was based on the fact of occupancy, and that, owing to the fact that she never acquired the record title, her claim to the same was of doubtful character; and they prayed that they be authorized to sell the land to appellant for the sum of $25. The application was granted, and in pursuance thereof the administrators made a deed to appellant upon the payment by him of $25. Several affidavits were introduced in evidence, stating, in effect that Mrs. Emma Hance, and those under whom she claimed, claiming to be the owners of the land, had had and held the actual, adverse, peaceable, and continuous possession thereof for more than 10 years prior to the death of Mrs. Hance in 1900. We are of the opinion that the foregoing facts do not afford a basis for claim of title under the statute of limitations of 10 years, for the reason that the possession of William B. Hance, and afterwards the possession of Mrs. Emma Hance, having commenced under and by virtue of the lease from the owner of the legal title, could never have become adverse unless the lessees had repudiated their tenancy under the lease and given notice of such repudiation; and no proof of such repudiation was made upon the trial. Casey v. Hanrick, 69 Tex. 48, 6 S. W. 405; Mattfield v. Huntington, 17 Tex. Civ. App. 720, 43 S. W. 53; Hintze v. Krabbenschmidt, 44 S. W. 39; Word v. Drouthett, 44 Tex. 371; Tyler v. Davis, 61 Tex. 674.

[2-4] The statement by the appellant to the appellee that he had, and could convey, a good title, although it embodied a conclusion drawn from the facts relative to title, was in effect a representation that the facts which would constitute a good title to the land existed, and it is sufficient, in order to a cancellation of the sale, that the appellee relied upon the representations so made. Buchanan v. Burnett, 102 Tex. 492, 119 S. W. 1141, 132 Am. St. Rep. 900. Appellant testified that at the time of the sale his title was good, but this was a mere conclusion upon his part that the facts which would constitute a good title existed, which conclusion, as we have heretofore shown, was erroneous. He evidently believed his title was good, and we acquit him of any intentional misrepresentation in regard thereto; but the fact that he believed his title was

good is unimportant, in view of the fact that the appellee believed the representations to be true, and relied upon them, and made the purchase upon the faith of them. Having induced the appellee to make the purchase by the representations that his title was good, and that he could convey a good title by his deed, when in fact he had no title and could convey none, the appellee was under no duty to investigate the truth or falsity of such representations so made to him. Buchanan v. Burnett, supra; Labbe v. Corbett, 69 Tex. 509, 6 S. W. 808. It follows that appellee was entitled to a cancellation of the sale and return of the purchase money and interest, and, as appellant knew, at the time of the sale, that appellee had purchased the land with the intention of making improvements upon it, that he is entitled to recover the value of such improvements.

We find no error in the record, and the judgment of the court below is affirmed.

Affirmed.