JAMES P. BATES ET AL. V. JOHN BACON.

(Case No. 5704.)

1. VOID PATENT—ACT OF MARCH 31, 1883—PURCHASER—LIMITATION—At a former term of the supreme court the patent to the land in controversy was declared void. Plaintiff insisted that the grant was validated by the act of March 31, 1883, and claimed through an execution sale against the patentee, made in 1877. He introduced the patent as part of his chain of title, and also set up the three years statute of limitation. Suit was brought September 21, 1883. *Held:*

   (1) Plaintiff acquired by the sheriff's deed only the title the patentee then had, and not what he afterwards acquired by the state's bounty.

   (2) The act of March 31, 1883, did not pass its benefits to the assigns of the grantees, and it could not benefit purchasers at execution sales.

   (3) Until the validating act was passed, the state was the legal and equitable owner of the land, and limitation did not run in plaintiff's favor.

   (4) The patent, in connection with the validating act, proved an outstanding title in the patentee, and rebutted the presumption of title arising from proof of possession of plaintiff prior to that of defendant.

APPEAL from Denton. Tried below before the Hon. F. M. Davidson, special judge.

This was an action of trespass to try title, brought by the appellee against appellants for six hundred and forty acres of land patented to W. J. Russell, situated in Denton county. Appellee, in his second amended petition, which was his last pleading filed, stated that on May 26, 1879, he was in the actual possession of the land, claiming under the following chain of title : First, a patent from the state to W. J. Russell; second, a judgment against Russell; third, execution issued upon the same, together with levy and return thereon; fourth, sheriff's deed to appellee; fifth, three years statute of limitation.

Appellants pleaded "not guilty." The cause was tried by the court and judgment was rendered for the appellee.

*A. W. Robertson* and *R. H. Bates*, for appellants.

*J. A. Carroll*, for appellee.

ROBERTSON, ASSOCIATE JUSTICE.—The plaintiff below admitted that the patent, through which he claimed, was the same held by this court to be void in the case of Bacon & Bates *v.* Russell, 57 Tex., 409. He insists, however that the grant was validated by the act of March 31, 1883, and that his title was thereby perfected. His claim to the benefits of that act is through an execution sale against Russell, the patentee, made on June 5, 1877. At that time Russell had no interest in the land. The title was in the state, and there remained until by

the cited act, the patent was vitalized as a grant. A sheriff's deed conveys only the right, title and interest of the defendant in execution; if it was the act of the defendant, it contains no recital, stipulation or covenant that could estop him from disputing the title of the purchaser upon any subsequently acquired or accruing right in himself. Freeman on Ex., sec. 335. The plaintiff acquired, by the sheriff's deed, only the title Russell then had—and he had none—and not what he afterwards acquired by the state's bounty.

It was in the power of the legislature in confirming the void grants embraced in the act of March 31, 1883, to pass its benefits to the assigns of the grantees, but this was not done, although the act passed was doubtless suggested by the opinion of this court in the case of Bacon & Bates v. Russell. It was probably considered that the title would pass to the assignee by estoppel without legislation in all instances in which it was wise that it should pass. It certainly was not politic to pass to the purchaser at execution sale any claim the defendant in execution may have had upon the charity or liberality of the sovereign.

The plaintiff cannot have acquired title by three years limitation, as the title had not been out of the state for three years at the date of the trial in the district court. Until the validating act was passed, the state was the legal and equitable owner of the land. Until then, the patent was not voidable, but void—it was issued without authority and in violation of the organic law. The plaintiff's recovery might have been sustained upon the strength of his prior possession, if the patent had not been introduced. The patent, in connection with the validating act, proved an outstanding title. The plaintiff, after showing that Russell was the owner, could not recover Russell's land on proof that he trespassed upon it before the defendants did. The presumption of title arising from proof of prior possession was rebutted by the plaintiff's proof of title in Russell.

The plaintiff exhibited upon the trial no right to the land superior to that of the defendants, and the judgment in his favor was wrong and must be reversed; and as the case seems to have been fully developed in a trial in the district court without a jury, a general judgment will be here rendered for the defendants, the appellants.

REVERSED AND RENDERED.

[Opinion delivered June 1, 1886.]