## C. E. AUSTIN V. ESPUELA LAND AND CATTLE COMPANY, LIMITED.

### Decided December 12, 1903.

**1.—Trespass to Try Title—Vacant Public Land—Possession—Survey.**

Where defendant, conceiving that there was a strip of vacant public land between certain surveys in plaintiff's pasture of 28,000 acres, and of which pasture plaintiff had had possession for fifteen years, causd the same to be surveyed and the field notes returned to the General Land Office, and before the Commissioner had taken action thereon went into possession of the land so surveyed, it was error for the court, in trespass to try title brought by plaintiffs for such surveyed land, to exclude testimony offered by defendant to show the vacancy as claimed, on the ground that the testimony was immaterial because of plaintiff's long prior possession and because defendant was held to be a mere trespasser, since the prima facie inference arising from possession is entirely rebutted where the land is shown to be vacant public domain.

**2.—Same—Naked Trespasser.**

It seems also that defendant was not a mere trespasser in taking possession of the land, since, if it was vacant public domain, his possession, premature though it may have been, interfered with the rights of no one.

Appeal from the District Court of Dickens. Tried below before Hon. J. M. Morgan.

*John A. Green, R. S. Holman, L. W. Dalton,* and *D. A. Holman,* for appellant.

*Ed J. Hamner,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—Appellee, a foreign corporation having permission to do business in Texas, brought this suit in trespass to try title to recover a large body of land in Dickens County, of which it had had possession for about fifteen years in a pasture of about 28,000 acres, including sections 1 to 8 in block A of the H. & T. B. Ry. Co. survey, and sections 387, 388, 402, 403 and 408, in block 1 of the H. & G. N. Ry. Co. survey, and the Burleson County school land, situated between the sections above mentioned in block A on the west and those in block I on the east. Appellant, conceiving that there was a vacancy of about one-half mile in width between the Burleson County school land and said sections 402, 403 and 408, caused the same to be surveyed and the field notes to be returned to the General Land Office, as provided by the Act of April 15, 1901, and before the Commissioner had taken action thereon, went immediately into possession of the land so surveyed, and remained there until he was ejected under sequestration process at the institution of this suit.

On the trial before a jury appellant offered testimony tending to show the vacancy as claimed, which was excluded as immaterial because of appellee's long prior possession, and because appellant was held to be a mere trespasser. To this ruling, which resulted in a verdict and judgment for appellee, the principal error is assigned.

Undoubtedly the general rule is that prior possession of land affords such prima facie evidence of title as warrants recovery in trespass to try

title against a mere trespasser, but this is a rule of evidence merely, and the prima facie inference that the possessor is the owner of property is entirely rebutted where such property is shown to be vacant public domain. So it is distinctly held by the Court of Civil Appeals for the Third District in Collyns v. Cain, 9 Texas Civ. App., 193, 28 S. W. Rep., 544, in which writ of error was refused. 30 S. W. Rep., 19. True, in Walraven v. F. and M. National Bank, decided by the Supreme Court, 96 Texas, 331, 6 Texas Ct. Rep., 785, the construction given the healing acts of 1899 and 1891 in Collyns v. Cain was overruled and held not to have been consciously approved by the Supreme Court in refusing a writ of error in that case, but in no other respect was the opinion of the Court of Civil Appeals disapproved. Certain it is that the Supreme Court could not have considered the rule in question applicable to vacant public domain without disregarding the reason of the rule as given in the opinion of that court in Watkins v. Smith, 91 Texas, 589, 45 S. W. Rep., 560. However, in the case of Yarbrough v. De Martin, 28 Texas Civ. App., 276, 67 S. W. Rep., 177, decided by the Court of Civil Appeals for the Fourth District, in which case also a writ of error was denied, it was held that "a mere trespasser, simply because he has possession, is not in a position to have the calls of a patent reformed, where, by any reasonable construction of its calls, the land appears to be covered by the patent." This case therefore might seem to sustain the ruling complained of, if by any reasonable construciton the field notes of the Burleson County school land patent, under which appellee deraigned title, could be made to include the land in controversy. But this patent was issued long before block I, H. & G. N. Ry. Co. survey, was corrected, and the excluded evidence tended to show that, as originally located, sections 402, 403 and 408 of this block, called for in the Burleson County school land patent, were placed on the ground about one-half mile further west than the corrected field notes placed them. Evidently this patent, in calling for said sections, must have referred to the original location, and could not have referred to the boundaries as established by the corrected work, which had not then been done. If, then, appellant could have shown that the land claimed to be vacant was clearly not within any of the calls of the Burleson County school land patent, but was entirely beyond them all, it seems to us that he should have been permitted to do so, since the decision in Yarbrough v. De Martin would not be applicable, while that of Collyns v. Cain would be.

We are not, however, to be understood from what is stated above as holding that appellant was a mere trespasser in taking possession of vacant land, if such it was, as an intending purchaser who had caused it to be surveyed under the Act of February 23, 1900, as amended April 15, 1901, which was quite liberal both in its spirit and provisions towards such purchasers, giving them the preference right, etc. His conduct was different from that of Hayes in Adair v. Hayes, 31 Texas Civ. App., ——, 72 S. W. Rep., 256, so much relied on, in which it was held

that the land sought to be appropriated for grazing purposes by Hayes as an intending purchaser before it was ready for sale and while it was still under valid lease to Adair, could not be thus prematurely appropriated in disregard of the rights of the lessee. If the land was vacant, appellant's possession interfered with the rights of no one, premature though it may have been.

Nor are we to be understood as approving by acquiescence the ruling, also complained of, sustaining a general demurrer and the fourth special exception to the plea in reconvention for damages for the alleged wrongful procurement and use of sequestration process. This ruling was perhaps influenced by the view taken of the main question, so far at least as the general demurrer was concerned, while the objection raised by the special exception is such that it may be obviated by amendment on the next trial.

Because the court erred in excluding the evidence offered by appellant to show that the land in controversy was vacant public domain, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*