No. 22,138.

L. B. DAVIS, *Appellant,* v. M. E. HEYNES, *Appellee.*

SYLLABUS BY THE COURT.

1. APPEAL—*No Proper Transcript of Evidence and Proceedings Filed—Matters Not Reviewable.* The rule applied that the sufficiency of the evidence to sustain the findings and judgment of a court, and that objections which arise solely upon the evidence and proceedings in the case cannot be considered upon an appeal where a transcript of the evidence and proceedings have not been obtained or have not been otherwise preserved as the code provides.

2. "RELIEF ON THE GROUND OF FRAUD"—*Statute of Limitations.* In an action for relief on the ground of fraud, constructive notice is sufficient to start the running of the statute of limitations within the meaning of the code provision that such an action is deemed to have accrued upon the "discovery of the fraud."

3. SAME. The facts found by the trial court herein are deemed to be sufficient to sustain the conclusion that the plaintiff had actual notice of the alleged fraud more than two years before the commencement of the action.

Appeal from Barton district court; DANIEL A. BANTA, judge. Opinion filed June 7, 1919. Affirmed.

*W. H. Jamison,* and *W. I. Jamison,* both of Topeka, for the appellant.

*Elrick C. Cole, William Osmond, F. V. Russell,* and *R. C. Russell,* all of Great Bend, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The plaintiff sought a recovery from defendant for the alleged fraudulent withdrawal and misappropriation of funds of the plaintiff which had been deposited in a bank of which defendant had been cashier.

Among the defenses alleged was that all of the causes of action set out in plaintiff's petition had been fully litigated in an action between plaintiff and the bank, and that the judgment rendered against plaintiff therein was final. Another defense set up was that the alleged causes of action were based on fraud, and that more than two years had elapsed since the causes of action had accrued. The parties stipulated that the question of whether or not the claims of plaintiff were barred by the statute of limitations should be first tried. A trial was then had on that issue, with the result that a finding was made that each of the causes of action relied on by plaintiff was barred by the statute of limitations. Plaintiff appeals, but the evidence has not been transcribed nor preserved in the manner necessary to a review of most of the questions discussed by counsel for plaintiff.

It appears that ineffectual attempts were made to obtain a transcript, and, while we recognize the difficulties under which counsel for plaintiff labored, it must be held that we cannot determine that the evidence was insufficient to support the findings, nor any other objection which arises solely upon evidence and proceedings not embraced in the record. (*Typewriter Co. v. Andreson,* 85 Kan. 867, 118 Pac. 879; *Davidson*

*v. Timmons*, 88 Kan. 553, 129 Pac. 133.) The record includes the pleadings, findings and judgment of the court, and only such questions as arise on this record are open to our consideration.

It is contended that the alleged fraud was not discovered until in 1917, at a time less than two years prior to the commencement of this action. Although the testimony on the subject is not preserved, some of the findings of the court relate to the discovery of the fraud by plaintiff, and these may be examined. It is recited that the plaintiff was a patron of the bank of which defendant was cashier from 1908 until 1910, and that he was furnished with a statement of his account about every thirty days, and at the same time there was returned to him the canceled checks, a part of which it was alleged were forged by the defendant. The action against the bank was based on the forgery of the checks and the fraudulent withdrawal of his money from the bank, and was begun on June 8, 1911, and the judgment was entered in that case on April 17, 1912. According to the findings, plaintiff became suspicious of his account with the bank in October, 1910, and was then led to the belief that the defendant as cashier had wrongfully imposed on him. He procured an attorney to represent him and look over his accounts with the bank, and for that purpose they were given access to the books of the bank. It appears that after this investigation, which was in January, 1911, he was firmly convinced that he had been defrauded of large sums of money by the defendant, and yet with this belief and the knowledge gained from the canceled checks, and the books, he did not commence this action until February 4, 1918, more than seven years after the alleged fraud was brought to his attention. While plaintiff had this notice, he says he is illiterate and did not comprehend his legal rights and duties, and he still insists that the preponderance of the evidence was that he did not actually discover the fraud until 1917. He seems to contend that he cannot be held to have discovered the fraud until specific actual notice or knowledge of the fraud is directly brought to his attention. It is enough if the information pointing to the fraud was brought to his notice and he had the means of ascertaining the facts relating to it. (17 R. C. L. 741.) Nor is it necessary that there shall be

more than constructive notice of the fraud in fixing the time of its discovery under the statutory limitation. In *Black v. Black,* 64 Kan. 689, 68 Pac. 662, it was held that the phrase "discovery of the fraud" does not mean until the party complaining has actual notice of it, but that constructive notice is sufficient, and hence it was ruled that a public record required to be kept involving the transaction pointing to the fraud, was sufficient notice. A ruling to the same effect is found in *Lewis v. Duncan,* 66 Kan. 306, 71 Pac. 577. Here the findings indicate that the facts relating to the alleged fraud excited the attention of the plaintiff seven years before the action was brought. In addition to the returned checks alleged to be forged, which he had in his possession, he had investigated the bank account, all of which forced him to the conclusion that he had been defrauded, and yet he allowed his claims to sleep for years beyond the statutory period. He may not have acquired complete information of all the facts at that time, but certainly he had sufficient to put him on inquiry, and that kind of information is deemed to be good notice of all matters to which an inquiry diligently prosecuted would have led.

In *Woodruff v. Williams,* 35 Colo. 28, it was said:

"The presumption is that if a party affected by any fraudulent transaction or management might, with ordinary care or attention, have seasonably detected it, he seasonably had actual knowledge of it. Full possession of the means of detecting fraud is the same as actual knowledge." (Syl. ¶ 2.)

In a case where a statute requires actual notice of a fact, it has been held that—

"Actual knowledge of the defect, like any other fact, may be established by circumstantial evidence; that is, it may be shown by a number of minor facts obtained from several witnesses and sources which are so related and linked together as to warrant the inference that the officer had actual knowledge of the defect." (*Watkins v Harper County,* 95 Kan. 166, 168, 147 Pac. 822.)

The circumstances related in the findings afford a fair and reasonable inference that the plaintiff had actual notice of the alleged fraud more than two years before the commencement of the action.

Under the record as it stands, the claims of error cannot be upheld.

Judgment affirmed.