**BIDWELL v. TAYLOR et al. (No. 6432.)**

(Court of Civil Appeals of Texas. San Antonio. Oct. 13, 1920.)

Execution ⬅268 — Purchaser assuming vendor's lien not liable thereon to execution purchaser.

A subsequent purchaser of land subject to a vendor's lien who assumed the payment of the note secured by the lien and whose interest was sold under execution is not liable to the purchaser at the execution sale on the assumption of the lien for the amount bid for the land, since the execution sale covered only the judgment debtor's interest in the land, which was his right thereto subject to the lien.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Action by A. T. Wood and husband against Bertha D. Murphy, R. O. Bidwell, James M. Taylor, and others to recover the amount of a note and to foreclose a vendor's lien retained to secure it. Judgment for the plaintiffs for the amount of the note and for foreclosure, and for the defendant Taylor against

the defendant Bidwell for the amount paid by defendant Taylor for the land, and defendant Bidwell appeals as to that part of the judgment in favor of defendant Taylor. Judgment in favor of defendant Taylor reversed, and judgment rendered that he recover nothing from defendant Bidwell.

F. J. Onzon, of Corpus Christi, for appellant.

FLY, C. J. A. T. Wood, joined by her husband, S. E. Wood, sued Bertha D. Murphy and her husband, L. E. Murphy, C. B. Buchanan, James M. Taylor, and R. O. Bidwell to recover on a promissory note for $250 executed by Bertha D. Murphy to A. T. Gangwer, now A. T. Wood, and to foreclose a vendor's lien on two lots of land in the town of Bishop, Tex., reserved in a deed of conveyance by Mrs. Gangwer to Mrs. Murphy. It was alleged that the Murphys had conveyed the land to Buchanan, who had assumed payment of the note, and Buchanan had conveyed to appellant, R. O. Bidwell, who also assumed payment of the note. Taylor was made a party on an allegation that he "claims some interest in the two lots aforesaid under a deed of conveyance made to him by Wilhelm Rychetsky, dated the 4th day of April, 1917." Taylor filed an answer claiming the land and asking for judgment over against Bidwell if judgment should be rendered against him. The cause was tried without a jury, and, the death of Buchanan having been suggested, he was dismissed from the suit, and judgment was rendered that the vendor's lien be foreclosed on the land; that, Mrs. Murphy being a married woman, and not joined by her husband in executing the note, no personal judgment be rendered against her; that the Woods recover of Bidwell the sum of $380.85, principal, interest, and attorney's fees; that an order of sale be issued, and the excess, if any, over the debt be paid to Taylor; and that Taylor recover of Bidwell the sum of $215. This appeal is prosecuted by R. O. Bidwell, really only as to that part of the judgment in favor of James M. Taylor.

The facts show that the land in question was sold to Bertha D. Murphy by A. T. Gangwer, now Wood, and a note executed to the vendor by Mrs. Murphy, a vendor's lien being reserved to secure the note; that the Murphys conveyed the land to C. B. Buchanan, who, as part of the consideration, assumed payment of the promissory note; Buchanan sold to Bidwell, who assumed payment of the note; that the lots were afterwards sold by the sheriff, under execution issued by virtue of a judgment in favor of Wilhelm Rychetsky against R. O. Bidwell, to said Rychetsky, who afterwards sold to James M. Taylor.

Taylor has filed no briefs in this court,

but in his answer in the lower court claimed that the assumption of Bidwell to pay the promissory note to Mrs. Gangwer inured to his (Taylor's) benefit, and that he was entitled to a personal judgment against Bidwell for the amount of $215 paid for the land by Taylor. It is the claim of appellant that Taylor had no cause of action against him, that there was no privity of contract between him and Taylor, and that there was no failure of title as to Taylor until the land was sold under the foreclosure judgment.

The deed of the sheriff to Rychetsky contained no warranty on the part of Bidwell or any one, and the only warrantor of the title held by Bidwell to Taylor was the warranty of Rychetsky. The latter was not a party to the suit. If appellant is liable to Taylor on the note, it is because his agreement with his vendor, Buchanan, inured to the benefit of his creditor, the vendee, at a forced sale of the land owned by appellant; for certainly Taylor does not occupy any more favorable or tenable position as to the liability of appellant than his vendor, Rychetsky. There can be no doubt that, if appellant had executed a warranty deed to Rychetsky, the former would be liable to the latter for any indebtedness on the land left unpaid by appellant. This, however, is not the case presented to this court, but the claim of Taylor is that the assumption of payment of the note given by appellant to Buchanan inured to the benefit of a judgment creditor who bought the land at a forced sale, and was passed through the warranty deed of the judgment creditor to his vendee. If Rychetsky had been sued, we are unable to see upon what theory he could reasonably claim that the assumption by appellee of the debt owed by Buchanan on the land could be used by the purchaser under the execution to protect him against the claim of the original vendor. A purchaser under execution sale secures only such title as the execution debtor had at the time of the sale. It is clear from the pleadings of Taylor that his vendor had only such rights as appellee had at the time of the sheriff's sale, which was a title subject to a vendor's lien held by the Woods. In the case of McBride v. Banguss, 65 Tex. 174, which was one of a claim under a sheriff's deed to certain land, the Supreme Court said:

"The right which the plaintiffs acquired, at most, was but the right to have title to the land by paying the balance due for it. That was the only interest Banguss had when they purchased, and they surely acquired no right by their purchase other or greater than had the debtor whose interest was sold. And this was subject to be defeated by the failure of Banguss or his vendees to pay the purchase money still due, for upon such failure it was the right of Blades to rescind the contract made with Banguss and to sell the land to some other person, or even to him."

Rychetsky, and consequently Taylor, his vendee, acquired, by the sheriff's deed, only the title Bidwell then had, and Taylor cannot place himself in a better position than was occupied by appellant at the time, by compelling him to perfect the title bought at execution sale. Rychetsky bought only appellant's title, which was one subject to a vendor's lien, and he can only perfect his title by paying off the purchase money. In justice and equity appellee should not be compelled to give Taylor something which was not bought by the vendee at execution sale. Foster v. Powers, 64 Tex. 247; Bates v. Bacon, 66 Tex. 348, 1 S. W. 256; Cobb v. Trammell, 9 Tex. Civ. App. 527, 30 S. W. 482.

Taylor seems to be endeavoring to hold the position that the original vendor held, and not that of appellant. He must occupy the same position that appellant occupied towards the land, and cannot claim the rights that he had in the land and also the obligation to the vendor of the land resting on appellant. His vendor did not buy that obligation at the execution sale, and there never has existed any privity of contract between appellant and Taylor or Rychetsky. Assumption of the debt against the land by appellant inured to the benefit of the original vendor of the land, and Taylor has no lot nor parcel in it, and appellant does not now and never has owed him anything on the land. He must be satisfied with what Rychetsky bought at the execution sale, which was appellant's interest in the land incumbered by a debt for purchase money.

The title to the land being held by Taylor as against appellant, any surplus that may remain after a sale under the foreclosure proceedings rightfully belongs to him, and the judgment awarding him that sum, as well as all other parts of the judgment, except that relating to a recovery against appellant for the unpaid purchase money, will not be disturbed, but that part will be reversed and judgment here rendered that James M. Taylor recover nothing as to appellant, R. O. Bidwell, on his assumption of the original purchase money, and that the latter recover of Taylor all costs in this behalf expended.