## FIRST NAT. BANK OF MT. CALM v. ROLLER et al.   (No. 976—5034.)

Commission of Appeals of Texas. Section B. March 13, 1929.

Bryan & Maxwell, of Waco, and Black & Graves, of Austin, for plaintiff in error.

Ira Lawley and J. E. Bradley, both of Groesbeck, Bailey & Bailey, of Dallas, Frank Oltorf, of Marlin, and I. W. Keys, of Mexia, for defendants in error.

LEDDY, J. ■ The contentions of plaintiff in error, First National Bank, and defendant in error H. C. Roller that the trial court erred in rendering judgment in favor of Mrs. C. R. Menefee, an indorser of the notes sued upon, under her plea of coverture, are easily disposed of. It is undisputed that Mrs. Menefee was a married woman at the time she indorsed the notes. The bank, having failed to plead estoppel, cannot now insist that the evidence conclusively shows Mrs. Menefee was estopped to plead coverture.

■ While defendant in error Roller did plead that Mrs. Menefee was estopped to assert her coverture, nevertheless he is not in position to urge error to the refusal of the trial court to render judgment in his favor against Mrs. Menefee, for the reason he failed to apply for a writ of error, from the judgment of the Court of Civil Appeals, which affirmed the judgment of the trial court denying him a recovery against Mrs. Menefee, and such judgment is now final.

Under the state of the record there remains but one question to be disposed of, and that is whether Roller's cause of action against plaintiff in error was barred by the statute of limitation. The record discloses that, when Mrs. Menefee pleaded coverture as a defense against Roller's right to recover a judgment against her because of her indorsement of the notes sued on, he filed an amended petition making the plaintiff in error a party to the suit and praying for a judgment against it on its indorsement, if it should develop that Mrs. Menefee was not liable by reason of coverture. This petition was filed on the 19th day of May, 1926, more than four years after the notes were transferred by the bank to Roller. At the time these notes were transferred, they were long past due, and were indorsed by the bank "without recourse."

Roller's cause of action against the bank is based on the breach of its statutory warranty that "every person negotiating an instrument by delivery or by a qualified endorsement, warrants: * * * That all prior parties had capacity to contract." Section 65, art. 5936, R. S. 1925.

Defendant in error Roller insists that the statute of limitation did not begin to run against him until he discovered the incapacity of Mrs. Menefee, indorser, or until, by the exercise of reasonable diligence, he should have discovered such fact.

It is plaintiff in error's theory that the statutory warranty implied by the bank's indorsement "that all prior parties had capacity to contract" was breached at the time of the transfer of the notes to Roller on the 3d day of January, 1922, and therefore limitation began to run immediately, but, if notice of the cause of action was essential to start the running of·the statute of limitation, Roller had constructive notice of facts creating his cause of action by reason of the notes being long past due at the time he purchased same from the bank.

Assuming, without deciding, that knowledge or notice by Roller of his cause of action against the bank, on account of Mrs. Menefee's incapacity to contract, was essential to start the running of the statute of limitation, we think his purchase of the notes after maturity charged him with notice of every fact affecting the validity thereof, including the incapacity of Mrs. Menefee, so as to set in motion the statute of limitation. Wood v. Carpenter, 101 U. S. 135, 25 L. Ed. 807; Kuhlman v. Baker, 50 Tex. 630; Carver v. Moore (Tex. Com. App.) 288 S. W. 156; Martinez v. Gutierrez (Tex. Civ. App.) 172 S. W. 766; Davis v. Heynes, 105 Kan. 75, 181 P. 566; Board of Commissioners of Garfield County v. Renshaw, 23 Okl. 56, 99 P. 638, 22 L. R. A. (N. S.) 207; Davis v. Willey (D. C.) 263 F. 588, affirmed (C. C. A.) 273 F. 397; Standford v. Finks, 45 Tex. Civ. App. 30, 99 S. W. 449; Powell v. March (Tex. Civ. App.) 169 S. W. 936; Black v. Black, 64 Kan. 689, 68 P. 662; Boren v. Boren, 38 Tex. Civ. App. 139, 85 S. W. 48; 37 C. J. pp. 941, 969; Daniel on Negotiable Instruments (5th Ed.) § 782; Joyce. Defenses to Commercial Paper, § 625.

In Carver v. Moore, cited above, which was decided by this commission, certain land was sold by Carver to Moore. At the time of the sale one Jones was in possession of the land, but Moore purchased it under Carver's representation that it belonged to him. It was held that Jones' possession was constructive notice to Moore that Jones owned the land, and Moore was thereby put upon notice that the representation made to him as to the ownership of Carver was false so as to start the running of the statute of limitation from the date of the sale.

We are unable to see where the case before us differs in principle from the above case. Roller, having purchased past-due paper, was chargeable with knowledge of any defenses which existed in favor of the maker or indorser of the notes, and he took such paper subject thereto. He was thereby immediately placed upon inquiry to ascertain the reason for the nonpayment of the notes; hence, if he failed to discover the same within the statutory period of limitation, his right to recover became barred.

Defendant in error seems to be under the impression that no cause of action arose in his favor against plaintiff in error until Mrs. Menefee interposed a plea of coverture as a defense in a suit against her. We think this is a misconception of the basis of the bank's liability. Liability of the bank to Roller is for a breach of its warranty that Mrs. Menefee had capacity to contract. Such warranty was breached at the time the transfer was made on account of Mrs. Menefee's incapacity to contract at that time. Roller could have maintained a suit against the bank for a breach of its warranty immediately upon the notes being transferred to him. He was not compelled to wait until Mrs. Menefee pleaded coverture, as the bank had warranted, not that Mrs. Menefee would not plead coverture when a liability was asserted against her as indorser, but that she had legal capacity to incur such liability at the time of her indorsement.

It must be held that Roller acquired these notes with constructive notice of the fact that Mrs. Menefee was a married woman. This being true, in order to entitle him to recover against the bank, he was required to institute his suit within four years from the date the notes were transferred to him.

We therefore recommend that the judgment of the Court of Civil Appeals in favor of Mrs. Menefee be affirmed; that the judgments of the trial court and the Court of Civil Appeals awarding Roller a recovery against the plaintiff in error be reversed; and that judgment be rendered in favor of plaintiff in error.

CURETON, C. J. Judgment of the Court of Civil Appeals in favor of Mrs. Menefee is affirmed, and judgments of the district court and Court of Civil Appeals in favor of Roller against plaintiff in error are reversed, and judgment rendered for plaintiff in error.