**WICHITA COUNTY et al. v. TITTLE.**

No. 1295—5779.

Commission of Appeals of Texas, Section B.

July 22, 1931.

Wayne Somerville and Harris & Martin, all of Wichita Falls, for plaintiffs in error.

Bullington, Boone, Humphrey & King, of Wichita Falls, for defendant in error.

LEDDY, J.

Defendant in error recovered a judgment against plaintiff in error for certain fees of office to which he claimed to be entitled for services rendered as tax collector in connection with the collection of delinquent taxes of Wichita county. It was averred that he had paid such fees over to the county upon demand by the county judge and commissioners' court with the express understanding and agreement that the same would be returned to him in the event the Supreme Court of this state decided in a case then pending before it that county tax collectors were lawfully entitled to retain such fees. It was further alleged that the Supreme Court, in the cause referred to, did subsequently decide that defendant in error was lawfully entitled to retain the fees he paid to the county.

The Honorable Court of Civil Appeals, 27 S.W.(2d) 649, 652, reached the conclusion that defendant in error's petition stated no cause of action and that therefore the trial court should have sustained plaintiff in error's general demurrer to the petition. The judgment rendered by the trial court was reversed and the cause remanded for the purpose of affording defendant in error an opportunity to amend his pleadings if he so desired. The substance of the ruling of the Court of Civil Appeals appears from the following quotation from its opinion: "The cases cited by the Supreme Court in the opinion in the Sluder Case [(Tex. Com. App.) 2 S.W.(2d) 841], hold in effect that the attempted agreement made between Tittle and the county judge is void for several reasons. This being the case, Tit-

tle cannot recover in this action upon the theory of an express trust. If he is entitled to hold the county as a trustee at all, it must be upon the ground that the county is a resulting or constructive trustee, and his pleadings are not so framed as to entitle him to recover upon either theory. Under his allegations, he must hold the county liable as an express trustee, or else the theory of a trust utterly fails."

Plaintiff in error's application for a writ of error presents but one assignment of error. It complains that the Court of Civil Appeals should have rendered judgment in its favor instead of remanding the cause for another trial.

The assignment thus presented by the plaintiff in error is predicated upon the terms of article 1856, R. S. 1925, which provides: "When the judgment or decree of the court below shall be reversed, *the court shall proceed to render such judgment or decree as the court below should have rendered,* except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial."

Under the holding of the Court of Civil Appeals the trial court should have sustained the general demurrer to defendant in error's petition. Such a judgment by the trial court would have carried with it a right upon the part of defendant in error to amend his petition in an effort to set up a cause of action. A rendition of the judgment against defendant in error would have operated to deny him this valuable privilege.

It is obvious that the judgment rendered by the Court of Civil Appeals reversing the judgment of the trial court and remanding the cause for another trial not only does not violate the provisions of article 1856, but is strictly in accordance with its terms. Green v. Rugely, 23 Tex. 539. The judgment remanding the cause operates to place defendant in error in exactly the same position he would have occupied had the trial court sustained the general demurrer urged to his petition. Under such a judgment, he would have been afforded the privilege of amending. The Court of Civil Appeals was not authorized to render such a judgment as would deny him this right.

We will not determine in advance whether it is possible for defendant in error to set up a cause of action for a recovery of the fees for which he was awarded judgment in the trial court. The proper rule in this connection is stated by Judge Roberts in Green et al. v. Rugely et al., cited above. In that case it was determined that the plaintiff's petition was not sufficient to entitle him to maintain

the suit. The judgment was reversed and the cause remanded, instead of being rendered. The reasons given by the Court for remanding the cause are applicable here. In discussing this question the court observed: "It is not readily perceived, under the views here presented, in connection with the case of Ansly v. Baker [14 Tex. 607, 65 Am. Dec. 136], how the plaintiffs below could amend their petition so as to maintain this suit in the district court; but as the exceptions to the petition were overruled, and as it may not be proper to decide in advance, that no possible state of facts, which they might present upon amendment, would entitle them to relief, the cause will be remanded so as to give them an opportunity to amend, *just as they could have done if their petition had been held insufficient upon the exceptions.*"

■ This court is without jurisdiction to review the correctness of the action of the Court of Civil Appeals in determining that the general demurrer to defendant in error's petition should have been sustained. The judgment of the Court of Civil Appeals in this respect is final because the defendant in error filed no petition for writ of error to the Supreme Court. First Nat. Bank of Mt. Calm v. Roller (Tex. Com. App.) 14 S.W.(2d) 834.

We therefore recommend that the judgment of the Court of Civil Appeals reversing and remanding the cause for another trial be affirmed.

CURETON, C. J.

Judgment of the Court of Civil Appeals reversing that of the district court is affirmed, as recommended by the Commission of Appeals.