## PAYTON v. LOUSTALOTT et al.
### No. 1379—5969.

Commission of Appeals of Texas, Section B.
Nov. 9, 1932.

Holland & Cousins, of Beaumont, and Roy Johnson, of Galveston, for plaintiff in error.

Stewart & Damiani and Noble Carl, all of Galveston, for defendants in error.

LEDDY, J.

This was an action of trespass to try title, brought in statutory form, by plaintiff in error against defendants in error, to recover the title and possession to four acres of land out of the Martin Dunman survey, in Galveston county, Tex.

It was also alleged that at the time that defendants in error first took possession of the land in controversy they did so as tenants of plaintiff in error's predecessor in title, with an agreement to restore possession of said land upon demand; that plaintiff in .error, the owner of said land in fee simple, has been refused possession after proper demand.

Defendants in error answered by general denial and a plea of not guilty. They also asserted a cross-action against plaintiff in error in which it was alleged that they were the owners of the land under the ten and twenty-five year statutes of limitation. They prayed for judgment vesting the title and possession to said land in them and removing the cloud cast upon their title by plaintiff in error's claim.

The case was tried to a jury. Upon the close of plaintiff in error's testimony, the jury, in obedience to a peremptory instruction, returned a verdict in favor of defend-

ants in error. Thereupon the trial court rendered judgment that plaintiff in error take nothing by reason of his suit, and that defendants in error, under their cross-action, recover the land in controversy.

Upon appeal, the Court of Civil Appeals reformed the judgment of the trial court by eliminating so much of the same as awarded defendants in error a judgment for the land involved, and the judgment for defendants in error, as thus reformed, was affirmed.

The evidence adduced by plaintiff in error did not show any record title in either party to this controversy. Plaintiff in error contends that, notwithstanding this fact, he was entitled to a judgment for the land involved for two reasons: First, that by establishing prior possession in his father, John Payton, Sr., he, as heir of his father, was entitled to recover as against the defendants in error who were mere trespassers; and, second, that, the defendants in error's entry upon the land being permissive, their occupancy thereof was as tenants of plaintiff in error's predecessor in title.

It is the settled law of this state that a tenant cannot hold possession derived from his landlord and contest his title to the land. Casey v. Hanrick, 69 Tex. 48, 6 S. W. 405; Word v. Drouthett, 44 Tex. 371; Tyler v. Davis, 61 Tex. 674.

Equally well settled is the doctrine that, where a plaintiff in an action of trespass to try title shows priority of possession of the land involved and no title is found in the defendant, the plaintiff by virtue of such possession is entitled to judgment. Kolb v. Bankhead, 18 Tex. 229; Wilson v. Palmer, 18 Tex. 592; Alexander v. Gilliam, 39 Tex. 228; Duren v. Strong, 53 Tex. 379; Williams v. Chew (Tex. Civ. App.) 19 S.W.(2d) 68.

The theory upon which a plaintiff in an action of trespass to try title who has established prior possession is permitted to recover as against a trespasser is that such possession raises a presumption of ownership. Watkins v. Smith, 91 Tex. 589, 45 S. W. 560; Pacific Express Co. v. Dunn, 81 Tex. 85, 16 S. W. 792; Webster v. Mann, 52 Tex. 416; 38 Cyc. 1201, and authorities there cited.

This presumption of ownership is but a rule of evidence and not of property, and may therefore be rebutted. Watkins v. Smith, supra; Bates v. Bacon, 66 Tex. 348, 1 S. W. 256; Austin v. Espuela Land, etc. Co., 34 Tex. Civ. App. 39, 77 S. W. 830; Boyd v. Miller, 22 Tex. Civ. App. 165, 54 S. W. 411.

Plaintiff in error, John Payton, Jr., as the heir of his father, was only entitled to recover by establishing ownership in his father based upon the presumption arising from the latter's prior right of possession. The evidence adduced in behalf of plaintiff in error affirmatively shows that his mother, Mary Payton, was in possession of this land as owner at the time defendants in error entered into possession.

Mary Payton, the surviving wife of John Payton, Sr., testified that she and her husband and son, John Payton, plaintiff in error, prior to 1899, moved upon a 34-acre tract of land, of which the land in question was a part; that her husband "lent the land" involved in this suit to defendants in error in 1893, upon their promise that possession would be restored upon demand; that demand was made by her in September, 1928; and that it was refused by defendants in error.

She further testified: "My husband lent Mr. Loustalott the ground to work and farm. I was present and sitting right on the front gallery when he lent it to him, but I could not exactly tell the time it was."

Again she testified: "After Mr. Loustalott had fenced this property, we talked about his promise for the use of it, and he said whenever I got ready for it he would give it back to me. * * * I have lately asked him to return my land or move his fence. I went to him and he was fixing up a corner post, and I asked him 'Gus, are you going to take any more of my land in?' and he said 'By God, I know it is your land, but prove it.' * * * Before this last statement by Mr. Loustalott where he said it was mine and he was going to make me prove it, he said it was my property and whenever I wanted it he would give it to me. * * * My husband and John and I were there three years before Mr. Loustalott went there. We were living on this 34 acre tract, a part of the Martin Dunman Survey, and I paid my taxes on it every year."

She further testified: "At the time Mr. Loustalott went on this land in 1893, it was vacant land and he then erected a fence and built him a house, and there was no objection on my part at that time to his doing that. He built his fence right on his line between me and him. The fences have not been kept up by Mr. Loustalott all of these years. He took his fence down on his field and put it around my land what my husband lent him when he borrowed it from him. * * * We had no use for the land to work and I was not supposed to close my land in and let Mr. Loustalott take it away and steal it from me. * * * I had not surveyed the land of mine enclosed in Mr. Loustalott's land, but I know it was 140 feet."

Henry Sullivan was the only other witness offered by plaintiff in error. His testimony as to the ownership of the land is as follows: "I am acquainted with the location of the southeast corner of old lady Payton's land, and I am acquainted with the present location of Mr. Loustalott's fence. * * * The point counsel marks 'A' on the map repre-

1014

sents old lady Payton's corner. * * * With reference to the square tract marked on the map 'Mary Payton's 34 acres,' the Paytons were living right here when Mr. Loustalott moved over there in the house marked 'Payton.' "

This witness further testified: "Mr. Loustalott said he got the land from old man Payton and moved over there to give his horses pasture room in there twelve years ago. He said 'I know that is Molly Payton's land, but by God, I am going to keep it.' * * * Up to that time he had never set up any claim to the land."

We think the above evidence conclusively rebutted any presumption arising that John Payton, Sr., was the owner of this land. The testimony that he "lent the land" to defendant in error is not inconsistent with the fact that this was Mary Payton's separate property, as the law at the time this transaction occurred vested the control and management of the wife's separate property in the husband. Article 2967, R. S. 1895.

The evidence was sufficient to warrant a recovery of the land in controversy by Mary Payton, if she had been the plaintiff, but it did not authorize a recovery by John Payton, Jr., as he cannot be an heir of his mother while she is living.

Had the evidence merely disclosed that plaintiff in error's father and mother moved on this land and thereafter permitted defendant in error to occupy a portion thereof, the presumption would be justified that the land was community property, and plaintiff in error would have been entitled to recover it as an heir of his father. This presumption, however, cannot be indulged in the face of the direct and positive testimony showing that the land sought to be recovered was in fact owned by Mary Payton.

In an action of trespass to try title where the plaintiff attempts to show title by prior possession in his predecessor in title, a decree in his favor is unwarranted if he fails to connect himself with such possession. Benavides v. Garcia (Tex. Civ. App.) 283 S. W. 611.

Defendants in error did not apply for a writ of error; hence the judgment of the Court of Civil Appeals reversing the trial court's judgment awarding them the land under their cross-action is final. First Nat'l Bank of Mt. Calm v. Roller et al. (Tex. Com. App.) 14 S.W.(2d) 834.

We recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J.

The judgment of the Court of Civil Appeals is affirmed, as recommended by the Commission of Appeals.