Otto Mullinax, of Winnsboro, and Chris Dixie, of Houston, for appellants.

J. H. Beavers & Son, of Longview, Jones & Jones, of Mineola, for appellee.

## MULLINAX AND MARTIN v. CAMPBELL.

### No. 5838.

Court of Civil Appeals of Texas. Texarkana.

Oct. 8, 1941.

Rehearing Denied Oct. 16, 1941.

WILLIAMS, Justice.

Appellants Mullinax and Martin in November, 1937, sued appellee B. F. Campbell for the value of timber cut and removed by the latter off a 20-acre parcel of land. Appellants alleged that they were the fee owners of the tract. Campbell entered general denial and demurrer, and in a cross-action alleged a trespass to try title action in statutory form, Article 7366, R.C.S., and specifically pleaded title under the 10 years' statute of limitation, Article 5510, R.C.S. He prayed judgment for title and posses-

sion of the land and for damages for timber that appellants had cut and removed therefrom. During progress of trial, the value of timber removed by them respectively was agreed upon. At the conclusion of the evidence the court granted appellee's motion for instructed verdict, discharged the jury, and in the judgment entered awarded Campbell title and possession of the land under the 10 years' statute of limitation, together with damages for the timber in the amount theretofore agreed upon. Appellants under their first two propositions attack this action of the court and assert the evidence raised an issue of fact for consideration of the jury.

In January, 1926, one Whitehurst conveyed by deed to appellee a rectangular 40-acre tract of land out of the David Rose Survey in Wood County. For convenience this 40-acre tract will be referred to as the Saxon tract, from its former owner. The land in controversy is a 20-acre tract adjoining and lying to the east of the Saxon tract, and situated between the latter and an 80-acre tract known as the Cox tract. In the '20's, the year not definitely shown, during the time Whitehurst owned the Saxon tract and Saner of Dallas owned substantial acreage in the Rose Survey, Whitehurst secured permission from Saner to build and did erect a barbed-wire fence along the north and south boundary lines of the 20-acre tract. In so doing he joined to the west line fence of the Cox tract and thus enclosed the 20 acres with the Saxon tract. This provided Whitehurst additional pasturage in connection with his use of the Saxon land. The evidence reflects that he agreed with Saner to remove the fences upon demand. Whitehurst later died. In 1935 appellants bought from Saner several hundred acres of land, a part of which appellants claim includes the 20 acres in controversy. In passing, we deem it unnecessary to determine if the field notes in the deed from Saner to appellants are sufficient to include the 20 acres. At the time of purchase, appellants saw the fences across the 20 acres, but were told at the time by Saner's agent that they had been so erected by agreement. Litigants are lumbermen and lived many miles from the land. This litigation arose when workmen began to cut the timber. No part of the 20 acres has ever been cultivated, it being valuable only for its timber and suitable to some extent only for grazing purposes. Appellee's deed was never filed for record. He relies upon actual possession in support of his limitation plea.

Appellee testified that he thought the tract he bought from Whitehurst included all the land extending up to Cox's west line; that Whitehurst told him the land then conveyed went east to the Cox tract; that it was so fenced at the time; and that he at all times had claimed title to the land within the enclosure. Through the years assessment to appellee calls for 40 or 46 acres.

At all times here involved there was situated upon the Saxon tract a dwelling, a barn and lot, and two cultivatable fields aggregating 18 or 20 acres. Each field was separately enclosed with a fence. The buildings have not been occupied every year, but the fields have been cultivated by tenants of Campbell each and every year through 1926 up to and including date of suit. Appellee testified that since his purchase he and his tenants had kept up the fences on the north and south boundary lines sufficient to turn livestock, and that the strip in controversy has at all times been used by his tenants to pasture stock in connection with the Saxon (40-acre) tract. This claim of appellee is controverted by Saxon, one of his tenants who with a brother cultivated the fields in 1928, 1929, and 1930, and who lived in the dwelling one of those years. Saxon testified that the fences during this 3-year period of time were not sufficient to turn his stock and that he built a pasture inside the Saxon tract on the branch to keep his stock; and that he did not pasture any of the land over on the back side next to Cox (the 20 acres). He further testified that the fence on the north and south lines "had some wire there, but it was up part of the way and down part of the way." If this testimony given by Saxon be true, then this break of three years in the continuity of appellee's claimed possession is fatal to his claim of title under the 10 years' statute of limitation. It is thought that this testimony was sufficient to have taken the issue to the jury. Shell Oil Co., Inc. v. Stone, Tex.Civ.App., 151 S.W.2d 872; Frazier v. Hanlon Gasoline Co., Tex.Civ.App., 29 S.W.2d 461; Caruth v. Dallas Gas Co., Tex.Civ. App., 282 S.W. 334; Stevens v. Karr, 119 Tex. 479, 33 S.W.2d 725; 2 T.J. p. 236, Sec. 128; 2 T.J. p. 133, Sec. 69; 2 C.J.S., Adverse Possession, § 228, pp. 855, 861.

The evidence discloses the issuance of patent by the State and that the record legal title to the land in controversy if not in appellants, which we do not determine, rests in the Saners or their predecessor in title. Hence judgment for appellee under

the doctrine of prior possession is untenable. Wehrly v. Humble Oil & Refg. Co., Tex.Civ.App., 64 S.W.2d 396; Bates v. Bacon, 66 Tex. 348, 1 S.W. 256; Humble Oil & Refg. Co. v. Wilcoxon, Tex.Civ.App., 70 S.W.2d 218; 41 T.J. 539, Sec. 64.

For the reasons above stated, the judgment is reversed and the cause remanded.